THE NEW ENGLAND BOX COMPANY *v.* JOHN C. TIBBETTS AND
J. C. TAFT.

Special Term at Brattleboro, February, 1920.

Present:    WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 22, 1920.

*Sales—Determination of Contract of Sale Upon Numerous Let-
ters and Other Facts—Jury Question—Where Written Con-
tract Intended, No Perfected Contract Until Writing Exe-
cuted—Damages for Nondelivery of Lumber—Inadequate
Verdict—Refusal to Set Aside Abuse of Discretion—Costs
Not Allowed in Supreme Court When Exceptions of Both
Parties Sustained.*

1.  In an action of contract for the nondelivery of lumber, where the
existence of the contract was to be determined upon the numer-
ous letters written by the parties in the course of the negotia-
tions, taken in connection with the other facts and circum-
stances shown by parol, the question whether a contract was
made, and if made, just what it was, was for the jury.

2.  Where the parties to a contemplated contract intend and under-
stand that it shall be reduced to writing, it does not become a
perfected contract until such writing is executed.

3.  The court having ruled as matter of law that the defendants were
liable, the plaintiff was entitled to recover as damages the
difference between the contract price with the defendants and

what it was obliged to pay, and did pay, elsewhere for similar lumber to take the place of that to be received under the contract.

4. Where a plaintiff's verdict was so small as plainly to indicate that in reaching it the jury either disregarded the evidence or acted from passion or prejudice, the court's overruling plaintiff's motion to set aside the verdict on those grounds was an abuse of its legal discretion.

5. Where the exceptions taken by both parties are sustained, and require a reversal, neither party is allowed costs in the Supreme Court.

ACTION OF CONTRACT to recover damages for the nondelivery of certain lumber claimed by the plaintiff to have been sold to it by the defendants. Plea, the general issue. Trial by jury at the September Term, 1917, Windham County, *Stanton*, J., presiding. At the close of the evidence the Court directed a verdict for the plaintiff on the question of liability, and submitted the case to the jury on the question of damages only, to which the defendants excepted. Verdict for the plaintiff to recover one dollar damages and costs. Judgment on the verdict. Both parties excepted.

*Harvey, Maurice, Whitney & Fitts* for the plaintiff.

*A. F. Schwenk* for the defendants.

Statement by CHIEF JUSTICE WATSON. The plaintiff is extensively engaged in manufacturing wooden boxes, having factories in six different places in the states of New Hampshire and Massachusetts, and using in connection therewith around thirty million feet of lumber each year. At the time material here the defendants were together engaged in getting out and selling lumber in the towns of Townshend and Newfane, this State. In December, 1916, and in the forepart of the year 1917, some ten or a dozen letters, to and from, passed between the parties relative to the sale of lumber by the defendants to the plaintiff. In addition thereto, one or both of the defendants visited the plaintiff's central office in Greenfield one or more times, and agents of the plaintiff went to Townshend and Newfane several times to see defendants and to some extent their lumber, in furtherance of effecting such a sale.

Of the letters so passed, and made exhibits in this case, the two most material to the questions presented for review are the following:

EXHIBIT 8.

"March 2, 1917.

"Mr. J. C. Tibbetts,

"Newfane, Vermont.

"Dear Sir:

"We have had a further report from Mr. Baker in regard lumber you are going to saw out this season at Woodward's mill and at your own mill, and we would advise that we can make you an offer of $19.00 per thousand feet f. o. b. cars loading point for the approximate 300 M. feet you are to saw out this season.

"Then next fall when you start on your next year's operation we can take the matter of that year's cut up at that time.

"Please let us know at your early convenience whether or not you can accept this offer, and if you do we will send up regular contracts which we would like to have signed.

"Very truly yours,

(Signed) "The New England Box Company."

EXHIBIT 9

"Newfane, Vt., March 10, 1917.

"The New England Box Co.,

"Greenfield, Mass:

"Gents:

"Will accept your offer of $19.00 per M. f. o. b. car Townshend, Vt., and Newfane, Vt., for about 300,000 feet 2⅛ white pine plank to be delivered when dry have about 150,000 feet of these plank sawed at this time.

"Yours truly,

(Signed) "J. C. Tibbetts.

"P. S. The pine at Townshend, Vt., is known as the Gale lot job and there is 600,000 to 800,000 feet white pine on this lot."

At the close of the evidence, the court, on motion of the plaintiff, directed a verdict for the plaintiff, on the question of liability, and submitted the case to the jury on the question of damages only, to which defendant excepted. The court also ruled that the letter of March 2, 1917 (Ex. 8), contained an offer by the plaintiff to the defendants, which by the letter of March 10, 1917 (Ex. 9), was accepted by the defendants, and that the

two letters constituted a contract, leaving for consideration by the jury simply the question of damages, to which defendants excepted.

The jury returned a verdict for the plaintiff to recover one dollar damages and costs.

The plaintiff moved to set aside the verdict on grounds assigned as follows: (1) That the same is against the evidence and the weight of the evidence; (2) that the damages assessed are inadequate; (3) that the jury in arriving at the verdict must have been acting under a misapprehension as to the plaintiff's rights; (4) that the jury in arriving at the verdict must have been biased and prejudiced against the plaintiff; and (5) that the verdict is against equity and good conscience, in that it gives the plaintiff but one dollar when the defendants had enriched themselves to the extent of four hundred and forty-eight dollars at the expense of the plaintiff.

A majority of the court overruled the motion, and rendered judgment on the verdict, to which the plaintiff excepted for that the court's action in denying the motion to set aside the verdict was an abuse of its discretion in the premises.

Each party filed a bill of exceptions, and both bills were argued and relied upon in the Supreme Court.

WATSON, C. J. The ordering of a verdict on the question of liability was error for two reasons. (1) A careful reading of the letter, Ex. 8, shows that it does not purport to specify the kind of lumber, nor its thickness, width, or length, when sawed, nor when to be delivered. It speaks of having received "a further report from Mr. Baker (plaintiff's agent) in regard to lumber" defendants are going to saw out "this season" at the two mills mentioned. The letter concluding by asking Tibbetts, to whom it was sent, at his early convenience, to let plaintiff know whether the offer is accepted, and if it is, "we will send up regular contracts which we would like to have signed." In short, the only thing specifically stated in the offer as an element of the contract is the price which the plaintiff would pay a thousand feet f. o. b. cars at loading point for the approximate 300 M. feet the defendants were to saw out that season. All other essentials of the contract, if one was in fact entered into, are to be gathered from the letters which passed between the parties, and from parol evidence. Exhibit 9, the letter relied upon by the

plaintiff as containing defendants' acceptance of the offer made in Ex. 8, specifies the thickness and kind of lumber as ''2⅛ white pine plank to be delivered when dry.''

[1]   Whether in thus specifying the thickness and kind of lumber and, time of delivery, particulars not mentioned in plaintiff's letter making the offer of price, it goes so beyond the terms proposed by the plaintiff as not to be an acceptance of them, but rather a counter proposal, it is unnecessary to consider; for the question of whether a contract was entered into is not to be determined upon these two letters alone.   It must be determined upon the numerous letters written by the parties in the course of the negotiations, taken in connection with the other facts and circumstances shown by parol.   It was for the jury to say on the whole evidence whether a contract was made, and, if made, just what it was.   *Taplin & Rowell* v. *Marcy,* 81 Vt. 428, 71 Atl. 72.

[2]   (2) It is further urged by the defendants that there was no perfected contract, for the reason that it was understood by the parties that when the terms were agreed upon, the contract should be reduced to writing, which was not done.   The evidence was conflicting on this question, and it should have been submitted to the jury.   If it was the intention and understanding of the parties that when the terms were agreed upon, the contract should be reduced to writing, it did not become a perfected contract until such a writing was executed.   *Congdon* v. *Darcy,* 46 Vt. 478.

[3, 4]   Since there must be a reversal based on defendants' exceptions, it is necessary to consider plaintiff's exception to the overruling of its motion to set aside the verdict, only because of the resulting effect on the costs in this Court.   The undisputed evidence was to the effect that in subsequently buying lumber elsewhere to answer the purpose for which the lumber in question was purchased, the plaintiff was obliged to pay, and did pay, $3.32 a thousand feet more than the contract price with the defendants.   The court having ruled as matter of law in plaintiff's favor on the question of liability, it followed that the latter was entitled to recover as damages the difference between the contract price with defendants and what it was obliged to pay and did pay elsewhere for similar lumber to take the place of that to be received under the contract. *Royalton* v. *R. & W. Turnpike Co.,* 14 Vt. 311; *Forsyth* v. *Mann Bros.,* 68 Vt. 116, 34 Atl. 481, 32 L. R. A. 788; *Gibson* v. *Wheldon,* 82 Vt. 175, 72 Atl. 909.   Con-

sidered by this rule, the verdict returned was so small as plainly to indicate that in reaching it the jury either disregarded the evidence or acted from passion or prejudice. In these circumstances it was the duty of the court to set it aside. *Barrette* v. *Carr,* 75 Vt. 425, 56 Atl. 93. The plaintiff recognizes that its motion was one calling for the court's exercise of legal discretion; but it says that in this instance there was an abuse of discretion. We think this is so; for in view of the evidence and of the gross inadequacy of the damages awarded, the record shows that in disposing of the motion the discretion of the court was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable, which constitutes an abuse of discretion. Plaintiff's exceptions must be sustained. *Dyer* v. *Lalor,* 94 Vt. 103, 109 Atl. 30.

[5] The exceptions taken by both parties being sustained, and requiring a reversal, neither party is allowed costs in this Court.

*Judgment reversed and cause remanded.*