### In re A. D. M.

[440 A.2d 144]

No. 367-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 17, 1981

Motion for Reargument Denied January 27, 1982

*John J. Easton, Jr.,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, and *Richard W. Foster,* Law Clerk (On the Brief), Montpelier, for Plaintiff.

James L. Morse, Defender General, *William A. Nelson,* Appellate Defender, and *Jacqueline Majoros,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Underwood, J.** A fourteen-year-old male juvenile appeals the order of the juvenile court which changed his status from that of an unmanageable child in the custody of the Commissioner of Social and Rehabilitation Services to that of a delinquent child in the custody of the Commissioner of Corrections. Since the court made no negative finding as to the necessity for care and treatment after considering the disposition reports as required by 33 V.S.A. § 655(c), the juvenile contends the court abused its discretion in not dismissing its previous adjudication of delinquency.

A petition alleging that A. D. M. had committed a delinquent act which would have constituted the crime of simple assault if he were an adult was filed in juvenile court pursuant to the Vermont Juvenile Procedure Act (33 V.S.A. Chapter 12). At that time, A. D. M. had been in the custody of the Commissioner of Social and Rehabilitation Services as an unmanageable child since he was six years old, and was in a juvenile group home. An altercation with another male juvenile occurred while they were washing dishes at the group home. A. D. M. chased the other boy out onto a porch. As he fled, A. D. M. threw a twelve-inch carving knife at him, grazing his shoe.

At the merits hearing on the petition alleging a delinquent act, 33 V.S.A. § 654, the juvenile's attorney and his guardian ad litem admitted to the allegations in the petition, and the court, noting that the allegations in the petition were admitted, found A. D. M. to be a delinquent child and continued custody with the Commissioner of Social and Rehabilitation Services. A. D. M.'s residency at the group home was continued until the date of the disposition hearing. 33 V.S.A. § 655.

In the interim, the Department of Social and Rehabilitation Services filed a disposition report with the court, 33 V.S.A. § 655(a), as well as an addendum to that report which it filed 17 days later. In the first report, the caseworker said: "I respectfully recommend to the Court that the custody of [A. D. M.] with the Department of Social and Rehabilitation

Services be transferred from the basis of neglect to the basis of delinquency." In the addendum report, the same caseworker corrected her recommendation to read: "I respectfully recomment to the Court that the custody of [A. D. M.] with the Department of Social and Rehabilitation Services be transferred from the basis of unmanageability to the basis of delinquency."

Neither disposition report recommended transfer of custody from the Commissioner of Social and Rehabilitation Services to the Commissioner of Corrections. At the disposition hearing the court indicated that it had considered the contents and recommendations of these reports and asked the State if it had a recommendation. The State thereupon orally recommended to the court that A. D. M. continue in the juvenile group home where he had been residing, with the option of changing that placement in the future if it became necessary. The State also requested that custody of A. D. M. be placed in the Department of Social and Rehabilitation Services based upon classification as a juvenile delinquent rather than as an unmanageable child so that additional placement options would be available to him.

The attorney for A. D. M. also orally recommended to the court that A. D. M. be allowed to continue at the group home under the custody of the Commissioner of Social and Rehabilitation Services, but objected to having him labelled as a "delinquent" and asked the court to re-establish his prior classification as an unmanageable child. The record is unclear as to whether the State concurred in this latter classification.

The court then affirmed the prior adjudication of A. D. M. as a delinquent child and stated on the record: "The Court will order disposition as recommended and requested and we'll issue an order of custody with the Department of S.R.S."

Notwithstanding the stated position of the parties and the court as reflected by the transcript of the disposition hearing, the court signed an Order of Disposition of a Delinquent Child ordering that A. D. M. be "under the legal custody of the Commissioner of Corrections, who shall place the child as provided by law."

"[S]hould the record demonstrate an unsupportable result, this Court is justified in remanding for clarification and supporting findings." *Colm* v. *Colm*, 137 Vt. 487, 492, 407 A.2d 184, 187 (1979). Because of the glaring discrepancy between

the intent expressed in the record of the disposition hearing and the result reached in the Order of Disposition, we are compelled to reverse and remand this case for further findings and a new order on the issues raised at the disposition hearing.

*Reversed and remanded.*