## Paul Asbell v. Jerry Dever

[444 A.2d 894]

No. 176-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 6, 1982

*Blais & Cain,* Burlington, for Plaintiff.

*Harold B. Stevens,* Stowe, for Defendant.

**Hill, J.** The defendant appeals from a small claims court judgment in this breach of contract action. We affirm.

The dispute involved an agreement between a band, of which the plaintiff is a member, and a nightclub which the defendant managed. The defendant employed the band in August of 1980 at the nightclub. The defendant testified that the parties then tentatively agreed to another engagement on September 19 and 20, 1980, for the sum of $700. According to the plaintiff, the agreement was subsequently finalized in a phone conversation. The parties confirmed the dates and the compensation. The plaintiff said he would send a written contract, but he never provided it. The plaintiff testified that the sole purpose of a written contract would be to "protect" him, and he was certain that the parties had reached an agreement. On September 16, 1980, the defendant notified the plaintiff that he was cancelling the engagement, as there was insufficient business for him to keep the nightclub open. The plaintiff and the other band members attempted to obtain another engagement for the evenings, but their efforts failed.

On September 25, 1980, the plaintiff brought suit in the Chittenden District Court under its small claims jurisdiction. The trial court orally made its findings, and concluded that the parties had reached an oral agreement. The court awarded the plaintiff a judgment of $500, plus costs.

■ The appellant urges reversal on two grounds. First, relying upon *New England Box Co.* v. *Tibbetts,* 94 Vt. 285, 110 A. 434 (1920), he contends that the trial court erred in finding an oral contract, because both parties intended to enter into a written agreement. *Tibbetts,* however, plainly states that whether the parties completed a contract, or were merely negotiating prior to a written agreement, is a factual question. See *id.* at 289, 110 A. at 436. There was ample credible evidence in the record to support the trial court's conclusion that the parties had completed a binding agreement without benefit of a writing. We will not disturb this finding on appeal. See *Frogate* v. *Kissell,* 138 Vt. 167, 168, 412 A.2d 1138, 1139 (1980); V.R.C.P. 52.

■ The appellant's second contention is equally without merit. He contends that the lower court erred because the plaintiff did not attempt to mitigate his damages. The record flatly contradicts this assertion, as the plaintiff testified that he and the other band members unsuccessfully tried to secure other work to replace the cancelled engagement. Thus, no error appears.

*Affirmed.*