### Phyllis A. Fox v. Chester C. McLain

[451 A.2d 1122]

No. 387-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*James C. Gallagher* of *Downs Rachlin & Martin,* St. Johnsbury, for Plaintiff-Appellee.

*Sten Lium,* St. Johnsbury, for Defendant-Appellant.

**Peck, J.** This is an action by plaintiff Phyllis Fox, the owner of approximately 200 acres of land in Maidstone, Vermont, against defendant Chester McLain seeking treble damages

under 13 V.S.A. § 3606 for the unlawful cutting of timber on that property. Trial was held on April 13 and 15, 1981, and the Essex Superior Court, sitting without jury, awarded plaintiff single damages, including costs, in the amount of $27,832.85. Both parties appeal this judgment.

In April of 1978, defendant contacted plaintiff by telephone and asked if she would sell her Maidstone property. Plaintiff, an elderly woman with a severe hearing problem, refused. Defendant then asked if she would sell the timber on it. The trial court found that plaintiff "agreed." Although defendant told plaintiff he would send her a contract to sign, he never did.

In June of 1978, defendant commenced a "full tree harvesting" operation on plaintiff's property. This method of cutting results in the removal of virtually all timber of value. Defendant completed this operation by September 1978. Large areas of plaintiff's property were clear cut and the court found that, "All marketable timber was removed."

On October 28, 1978, plaintiff, not having heard from defendant and not having received the written agreement as defendant had promised, began to make inquiries from her home in Lexington, Massachusetts. In April 1979 plaintiff was finally able to ascertain that her property had indeed been cut. Sometime in early May of 1979, defendant learned that plaintiff was inquiring about his logging operation. Apparently it was this knowledge that prompted defendant to send plaintiff a "statement" and a check for $11,842.14. Plaintiff refused to cash the check and brought the present action against defendant.

## I.

We first examine defendant's sole claim of error. He argues that the testimony of plaintiff's expert witness to the effect that $5 per cord was the fair market value of the hardwood chips removed by defendant "was not a legally admissible opinion." Plaintiff contends, however, that any error in this regard was waived by defendant's failure to properly object at trial.

Defendant conceded below and at oral argument that plaintiff's expert, a forester with over forty years of experience, was competent to give his opinion as to the fair market value of the wood removed from plaintiff's land. Consequently defendant did not object when that expert offered the opinion now

challenged. Moreover, the expert's written summary, which expressly valued the hardwood chips at $5 per cord, was introduced into evidence by plaintiff without objection. Notwithstanding his inaction below defendant maintains, in essence, that the opinion as to fair market value was inadmissible because based exclusively on an irrelevant and inadmissible publication and not from the expert's own knowledge.

12 V.S.A. § 1643 governs the admissibility of opinions by expert witnesses. A witness qualified as an expert may state an opinion without specifying the data on which it is based. *Id.; O'Bryan Construction Co.* v. *Boise Cascade Corp.*, 139 Vt. 81, 90, 424 A.2d 244, 249 (1980). The underlying data may subsequently be developed through direct, cross, or redirect examination. If the underlying data, once disclosed, fail to provide an adequate foundation for the opinion, it is incumbent on the opponent to properly challenge the testimony by a motion to strike. *O'Bryan Construction Co., supra; Bean* v. *Sears, Roebuck & Co.*, 129 Vt. 278, 281, 276 A.2d 613, 615 (1971). Since no motion to strike was made at the close of defendant's cross-examination, the opinion evidence was properly before the trier of fact.

The weaknesses, if any, in the underpinnings of the witness' opinion went only to the weight and credibility which the fact finder chose to accord it. See *Polk* v. *Ford Motor Co.*, 529 F.2d 259, 271 (8th Cir.), *cert. denied,* 426 U.S. 907 (1976). "Value is at best a matter of opinion and is a factual issue for decision by the court." *Green Mountain Marble Co.* v. *State Highway Board,* 130 Vt. 455, 464, 296 A.2d 198, 204 (1972). The trial court, acting as trier of fact in this case, obviously found the expert's testimony credible on the issue of fair market value. We cannot hold this finding clearly erroneous. V.R.C.P. 52.

## II.

Plaintiff's cross-appeal is not so easily resolved. She maintains the trial court erred in concluding that she was not entitled to treble damages under 13 V.S.A. § 3606. That statute provides:

> If a person cuts down, destroys or carries away any tree or trees placed or growing for any use or purpose

whatsoever, or timber, wood, or underwood standing, lying or growing belonging to another person, without leave from the owner of such trees, timber, wood, or underwood, or cuts out, alters or defaces the mark of a log or other valuable timber, in a river or other place, the party injured may recover of such person treble damages in an action on this statute. However, if it appears on trial that the defendant acted through mistake, or had good reason to believe that the trees, timber, wood, or underwood belonged to him, or that he had a legal right to perform the acts complained of, the plaintiff shall recover single damages only, with costs.

Plaintiff's trial strategy was primarily concerned with two essential issues. First, she argued that a written contract was a condition precedent to any valid agreement to sell the timber on her land. Additionally, plaintiff claimed that she had in any event informed defendant that only selective cutting, designed to improve the quality of her property, was to be done. Plaintiff's theories were supported by substantial evidence at trial, but were denied by defendant who asserted that he had acted pursuant to a valid oral agreement to remove any and all timber.

Both parties proposed specific findings of fact in support of their respective positions. Unfortunately, the trial court's findings do not adequately address the issues raised by plaintiff's suit. Accordingly, as is discussed below, a limited remand is necessary.

The unchallenged findings establish that plaintiff refused to sell her property to defendant. He then asked plaintiff to sell the timber on her property. The trial court stated that plaintiff "agreed," but did not resolve the crucial question—whether under this "agreement" all the timber or only selective cuts were to be removed. This question must be expressly decided on remand. If, as plaintiff contends, the parties agreed that the only timber to be removed was that which would improve the quality of the remaining timber, she is entitled to treble damages under § 3606 for all timber removed in excess of that agreement. See *Amey* v. *Hall*, 123 Vt. 62, 181 A.2d 69 (1962). On the other hand, if plaintiff contracted with defendant to sell *all* the timber on her land the judgment entered below is

entirely correct. Adequate findings on this issue are essential for proper appellate review.

■ The findings suffer from another, perhaps more severe, defect. "[W]hether the parties completed a contract, or were merely negotiating prior to a written agreement, is a factual question." *Asbell* v. *Dever,* 141 Vt. 148, 150, 444 A.2d 894, 895 (1982). Although we will not disturb such a finding on appeal unless clearly erroneous, V.R.C.P. 52, it is, of course, crucial that this Court and the parties be able to determine what was decided and how the decision was reached. *Arnold* v. *Arnold,* 141 Vt. 118, 120, 444 A.2d 890, 891 (1982); *Valsangiacomo* v. *Paige & Campbell, Inc.,* 136 Vt. 278, 280, 388 A.2d 389, 390 (1978). The trial court's findings concerning plaintiff's claim that a written contract was a condition precedent to a valid agreement are ambiguous and fail to serve these purposes.

■ On this issue the court found that defendant "told the plaintiff that he would send her a contract to sign, but he never did," and that defendant "attempted to take advantage of plaintiff by failing to send her a contract as he agreed." Notwithstanding that these findings, at least by inference, suggest the court accepted plaintiff's argument regarding the necessity of a written contract, treble damages were denied "because [plaintiff] did agree to let Defendant remove the timber from her lot." This seemingly contradictory result must be clarified on remand. Only with proper findings on these issues can we determine on review whether the provisions of § 3606 have been correctly applied.

*Judgment in favor of plaintiff affirmed as to defendant's liability. Cause remanded for further findings and, if warranted, amendment of judgment in accordance with the views expressed herein.*