## In re L. R. R., Juvenile

[469 A.2d 1173]

No. 82-477

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed November 1, 1983

*David G. Miller*, Franklin County State's Attorney, and *Helen V. Torino* and *Christopher A. Micciche*, Deputy State's Attorneys, St. Albans, for Plaintiff-Appellee.

*Steve Dunham*, Franklin County Public Defender, St. Albans, for Defendant-Appellant.

**Peck, J.** This is an appeal by L. R. R., a juvenile, fourteen years of age at the time of the proceedings below, from the disposition order of the District Court, Unit No. 3, Franklin Circuit, sitting as a juvenile court, 33 V.S.A. § 632(a) (8), committing him to the custody of the Commissioner of Corrections (Corrections). We affirm.

Appellant offers two questions for review. First, he contends the juvenile court erred by refusing to exercise its discretion to dismiss the delinquency proceeding on a showing that he was not in need of further care or treatment with respect to the delinquency. Second, he asks that we find the lower court erred in granting custody to Corrections rather than placing him on juvenile probation.

In earlier juvenile proceedings in 1980, the court found appellant to be a child in need of supervision, 33 V.S.A. § 654, and committed him to the custody of the Commissioner of Social and Rehabilitation Services (SRS), 33 V.S.A. § 656(a) (3). Thereafter, he was placed in a foster home where he remained, with periodic visits allowed to the home of his parents, until the incident occurred which gave rise to the matter now before us.

On August 5, 1982, during a weekend visit to the home of his parents, appellant removed two packs of cigarettes from a retail establishment in Swanton without paying their retail value, constituting the offense of retail theft, commonly re-

ferred to as "shoplifting," in violation of 13 V.S.A. § 2575(1). At the request of the state police, the state's attorney filed a petition with the juvenile court under 33 V.S.A. § 645(b), asking the court to find appellant to be a delinquent.

Following the preliminary hearing the court concluded that the allegations of the petition had been established, and granted the prayer of the petition, adjudicating appellant a delinquent child. A disposition hearing was scheduled, and a disposition report ordered. 33 V.S.A. § 655. The theft itself was never in dispute; appellant admitted it freely at all steps of the proceedings.

At the disposition hearing, appellant's counsel urged the court to dismiss the proceedings. 33 V.S.A. § 655(c). In substance, counsel argued that appellant was already in the custody of SRS, that he was showing improvement in his foster home environment under the treatment and counselling he had received to date, that his custody and treatment would continue in any event under the earlier adjudication as a child in need of supervision, and he should not, therefore, be stigmatized as a delinquent because of the one minor infraction of the law represented by the theft of cigarettes.

The matters complained of by appellant lie within the sound discretion of the juvenile court. In such cases, the burden of demonstrating an abuse of discretion or a failure to exercise discretion on the part of the court below is on the party asserting it. *Ohland* v. *Ohland*, 141 Vt. 34, 39, 442 A.2d 1306, 1309 (1982). In order to establish an abuse of discretion it must be shown that it was exercised for clearly untenable reasons or to an extent clearly untenable. *Costello* v. *Costello*, 142 Vt. 124, 126, 453 A.2d 1107, 1108 (1982). Moreover, this Court, on appeal, will not set aside a discretionary ruling if there is a reasonable basis for the lower court's action. *State* v. *Savo*, 141 Vt. 203, 208, 446 A.2d 786, 789 (1982). Assuming a discretionary ruling below to be adequately supported, we must ordinarily defer to the court which made the ruling. It will not be set aside simply because a different result might have been supportable, or because another court might have reached a different conclusion, unless, bringing this recitation of the appropriate standards of review full circle, an abuse of

discretion has been shown. *Ohland* v. *Ohland, supra,* at 39, 442 A.2d at 1309.

■■ In the case before us, much depends on the validity of the findings of fact made by the juvenile court. Findings of fact must stand if supported by credible evidence, *In re Muzzy,* 141 Vt. 463, 470, 449 A.2d 970, 973 (1982), and are not clearly erroneous. *Fox* v. *McLain,* 142 Vt. 11, 16, 451 A.2d 1122, 1124 (1982) ; V.R.C.P. 52(a). It is crucial nevertheless that the findings indicate to the parties and to this Court, if an appeal is taken, what was decided and how the decision was reached. *Id.;* see also *In re A. D. M.,* 140 Vt. 434, 440 A.2d 144 (1981).

The case at bar bears a superficial resemblance to *In re A. D. M., supra.* In that case, the minor had been in the custody of SRS on the basis of an earlier adjudication of unmanageability. Thereafter, while still in custody, the minor committed a delinquent act that would have constituted a crime if he had been an adult. At the hearing on the merits he was adjudicated a delinquent. At the disposition hearing, both the State and counsel for the minor recommended that custody in SRS be continued. Notwithstanding these recommendations, the court committed him to the custody of Corrections. On appeal, we reversed and remanded for further findings. We held in effect that there was a glaring discrepancy between the oral intent expressed by the court on the record of the disposition hearing (commitment to SRS) and the result reached in the actual order itself (commitment to Corrections).

In this case, there is not a comparable weakness in the findings. They are thorough and well prepared; they indicate clearly both what was decided and how the decision was reached. *Fox* v. *McLain, supra.* Moreover, there is not, as there was in *A. D. M.,* an inconsistency between what the court announced orally that it would do, and what it did do in its final order. The bases of these findings lie almost entirely in the disposition report; neither the State nor the juvenile offered testimonial evidence at either hearing. Although the report recommended that custody be continued in SRS, it contained more than ample support for the discretionary finding of the court: "It is in the best interests of the juvenile that an order issue transferring custody and guardianship to the Commissioner of Corrections as the designee of the Commissioner of

Social and Rehabilitation Services for a placement according to law."

Contrary to appellant's argument here and below, the disposition report does not reflect such an improvement in appellant that a failure to dismiss is an abuse of discretion. Although some improvement is indicated, the court found that he continues to have difficulties in his home environment, including rebelliousness and outbursts, emotional problems having an underlying core of chronic depression that his natural parents have been unable to deal with, and possible abuse of drugs and alcohol. These findings, among others, are well supported. Some of them are, no doubt, based on assertions in the report that might (or might not) have been rebuttable. The fact remains, however, that no rebuttal evidence was offered.

■ Appellant argues next that he should not bear the stigma of "delinquent." But the theft of cigarettes was a delinquent act, as a matter of law, and delinquency flowed from its commission. Accordingly, the court was entitled to conclude that appellant was a delinquent.

He contends, nevertheless, that the theft was of such an inconsequential nature that another juvenile charged with a similar minor infraction as a first offense would not have been so stigmatized. Therefore, he argues, the proceedings should have been dismissed at the disposition level. 33 V.S.A. § 655 (c). In the face of this argument we reiterate that we will not reverse merely because another court might have reached a different conclusion. We can examine the act only in the light of a possible abuse of judicial discretion; here we find none. The disposition court was well within the scope of its broad statutory authority. It was concerned with more than one incident, isolated and considered in a vacuum, as appellant would have us do. The court was concerned with the best interests of this particular juvenile based on *all* the matter before it proper for its consideration. By specific statutory provision, this matter includes the disposition report. 33 V.S.A. § 655 (c), (d).

■ Appellant's final argument, that he should have been placed on probation, 33 V.S.A. § 657 (a) (2), rather than transferred to the custody of Corrections under § 657 (a) (3), fails for the same reasons. This statute gives the court certain

specific discretionary options in cases of delinquency. We are not satisfied that selection of the option to transfer appellant to the custody of Corrections has been demonstrated as such an abuse of that discretion that reversal is required. We will not second-guess the court below and say that it was wrong as a matter of law, and that the transfer was *not* in the best interests of the appellant. On the contrary, we find that the court acted well within the scope of its statutory powers of discretion. We will not interfere with the order.

*Affirmed.*