## In re T. S., Juvenile

[481 A.2d 21]

No. 82-570

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed July 13, 1984

*Terry Trono,* Washington County State's Attorney, and *Robert A. Alecewicz,* Law Clerk (On the Brief), Barre, for Plaintiff-Appellee.

*Abare, Donaghy, Nicholls & Belcher, P.C.,* Barre, for Defendant-Appellant.

**Gibson, J.** On September 30, 1982, T. S. was adjudged a delinquent child for breaking and entering a dwelling in Barre Town in the daytime. In its disposition order, the district court ordered T. S. to complete 45 hours of community service as a condition of probation. The case comes before us on the appeal of T. S. from the disposition order; no appeal was taken from the delinquency adjudication.

T. S. contends that the probation condition requiring 45 hours of community service was improper because the State made no showing that the condition was reasonably related to rehabilitation.

In imposing the condition, the trial court stated:

> One of the preparations for future life is responsibility and accountability. And we see that as our responsibility as a Court. Purposes of the Juvenile Act as particularly pertains to criminal delinquency or delinquent acts, is to remove from children committing delinquent acts the taint of criminality, which the act has done by there being no record for this particular juvenile, and the consequences of criminal behavior, and to provide a program for treatment, training, and rehabilitation. And we see accountability and responsibility as a part of his rehabilitation. And we think that . . . the Order is appropriate. Fact is, this young man did this act whether it was out of character or not. It did occur. And we feel that it's important that he be made to understand that he has to

be responsible for that act, and he is accountable for having done it.

The purposes of the statutes governing juvenile procedures are set forth in 33 V.S.A. § 631. Among those purposes is the following:

> to remove from children committing delinquent acts the taint of criminality and the consequences of criminal behavior and to provide a program of treatment, training, and rehabilitation consistent with the protection of the public interest.

§ 631(a)(2).

The statutes also provide that the juvenile court, in fulfilling its statutory duty to make a disposition "most suited to [the delinquent child's] treatment, rehabilitation, and welfare," may, among other alternatives, "[p]lace the child on probation under such conditions and limitations as the court may prescribe." § 657(a)(2). The juvenile court thus has been granted broad discretion in establishing the terms and conditions of probation. Absent an abuse of discretion, its order must stand. *In re L. R. R.*, 143 Vt. 560, 562, 469 A.2d 1173, 1175 (1983). To support a claim of abuse of discretion, a party must show that the court failed to exercise its discretion, or that its discretion was exercised for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

On appeal, the burden of showing an abuse of discretion rests with the party alleging the abuse. *Id.* Counsel for T. S. argues that since the juvenile is a fulltime "A" and "B" student and an active participant in high school athletics, his rehabilitation has already been effected, and there is no reasonable basis for imposing community service as a condition of probation. Counsel also contends that the terms of probation are not reasonably related to the offense, and he suggests that a less onerous condition, such as the writing of a paper, would be more appropriate.

We find nothing in the record to indicate that the juvenile's outlook and behavior were any different after the delinquent acts were committed than before. For all that appears

of record, he could well have been an "A" and "B" student and an active participant in extracurricular activities prior to the commission of the offense. The trial court properly focused on accountability and responsibility in making its disposition order, settling on community service after finding the juvenile had no ability to make restitution. There has been no showing of an abuse of discretion.

*Affirmed.*