## In re Burlington Bagel Bakery, Inc.

[549 A.2d 1044]

No. 87-035

Present: **Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed May 13, 1988

*Peter F. Langrock* and *John L. Kellner* of *Langrock Sperry Parker and Wool*, Middlebury, for Plaintiff-Appellant.

*Thomas F. Heilmann* and *Christopher D. Ekman* of *Thomas F. Heilmann, P.C.*, Burlington, for Defendant-Appellee.

**Peck, J.** Petitioner, Burlington Bagel Bakery, appeals from an order of the Chittenden Superior Court denying its petition to obtain preaction discovery pursuant to V.R.C.P. 27(a). Although we do not reach the merits of the issue, we reverse and remand.

Petitioner asserts that Bruegger's Bagel Bakery is about to open a bagel bakery in Vermont in violation of a noncompetition agreement entered into between petitioner and a co-owner of Bruegger's. Because Bruegger's has not yet opened a bagel bakery in Vermont, petitioner argues that an action is not ripe against Bruegger's. Petitioner seeks to depose the co-owner of Bruegger's who allegedly agreed never to open a competing bagel bakery in Vermont, in order to perpetuate testimony to guard against the "fading memories of the parties."

The superior court denied the petition. It stated that petitioner failed to make the showing necessary under V.R.C.P. 27(a) to warrant preaction discovery. Specifically, the court stated that the general assertion by petitioner that it "has been informed that Bruegger's intends in the near future to open in the Burlington area a bagel bakery . . . ." was not sufficient to convince the court that the extraordinary procedures of Rule 27 are required.

First, we must address the issue of this Court's jurisdiction to hear this appeal. In general, discovery orders are not subject to immediate appeal, since, so long as the underlying litigation is still pending, the order is not considered "final." See *Pacific Union Conference of Seventh-Day Adventists* v. *Marshall*, 434 U.S. 1305, 1306 (1977). To be final and appealable an order must end litigation on the merits or conclusively determine the rights of the parties, leaving " 'nothing for the court to do but execute the judgment.' " *Nagle* v. *Lee*, 807 F.2d 435, 438 (5th Cir. 1987) (quoting *Catlin* v. *United States*, 324 U.S. 229, 233 (1945)).

In this case, the court's order denied the relief sought in the petition and completely disposed of the proceeding below. Consequently, we conclude that the order denying the deposition to perpetuate testimony under V.R.C.P. 27 is appealable as a final order. See *Martin* v. *Reynolds Metals Corp.*, 297 F.2d 49, 52 (9th Cir. 1961); *Mosseller* v. *United States*, 158 F.2d 380, 382 (2d Cir. 1946); see also *State* v. *Lafayette*, 148 Vt. 288, 290-92, 532 A.2d 560, 561-62 (1987) (in applying the final judgment requirement we are guided by the federal requirement and its exceptions).

■ Petitioner argues on appeal that the superior court improperly denied its petition under Rule 27. V.R.C.P. 27 gives the presiding judge discretion to grant a petition for preaction discovery if he or she "is satisfied that the perpetuation of the testimony or other discovery may prevent a failure or delay of justice." V.R.C.P. 27(a)(3); see also *Castle* v. *Sherburne Corp.*, 141 Vt. 157, 164, 446 A.2d 350, 353 (1982) (trial court has discretion as to matters of discovery). When a matter is left to the trial court's discretion, its action will not be reversed by this Court unless it appears that the court withheld or abused its discretion. See *In re T.S.*, 144 Vt. 592, 594, 481 A.2d 21, 22 (1984); *In re Norris Trust*, 143 Vt. 325, 327, 465 A.2d 1385, 1387 (1983).

In this case, we hold that the trial court abused its discretion. The court based its denial on the sole grounds that petitioner "did not supply sufficient support for its allegation that Bruegger's was going to open a bagel bakery in violation of the alleged non-competition clause." The court did not, however, request presentation of evidence on this matter, and no evidence was given by either party as to the truth of petitioner's allegation. Normally, "[t]his Court will not reverse a trial court on the basis of essential evidence which could have been, but was not, presented to it for consideration." *Schott* v. *Baker*, 132 Vt. 564, 565, 326 A.2d 157, 158 (1974). However, where "[i]mportant findings of fact were made that had no basis other than argumentative assertions of counsel[,] . . . the hearing was incomplete and . . . the findings of fact, conclusions of law, and judgment must all be stricken." *Baird* v. *Eldredge*, 132 Vt. 618, 619, 326 A.2d

171, 172 (1974). Therefore, although we do not reach the merits of this appeal, we remand for a full hearing.

*Reversed and remanded.*