Nancy McNETT, Appellant,

v.

**ALYESKA PIPELINE SERVICE COMPANY, Appellee.**

No. S–5212.

Supreme Court of Alaska.

Aug. 6, 1993.

James A. Gasper, Jermain, Dunnagan & Owens, P.C., Anchorage, for appellant.

Lawrence R. Trotter and Susan D. Murto, Alyeska Pipeline Service Co., Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

RABINOWITZ, Justice.

### I. INTRODUCTION

This appeal is taken from the superior court's denial of Nancy McNett's application, made pursuant to Alaska Civil Rule 27, to perpetuate testimony before the filing of an action.

### II. FACTS AND PRIOR PROCEEDINGS

On April 20, 1992, Nancy McNett filed a petition to depose Scott Cyr under Alaska Civil Rule 27(a). Cyr had been McNett's supervisor during her employment at Alyeska Pipeline Service Company (Alyeska). In her petition, McNett stated that she intended to bring an action against Alyeska for breach of contract and wrongful termination, although she was unable to bring the action at the present time. She stated that Cyr intended to leave the jurisdiction shortly, and that therefore she had a need for preserving his testimony through a pre-action deposition.

Alyeska opposed McNett's petition. Kathleen Carr, Alyeska's Manager of Human Resource Services, stated in her affidavit in support of Alyeska's opposition:

> Mr. H.J. (Scott) Cyr has retired from Alyeska Pipeline Service Company effective March 6, 1992. It is my understanding that he is moving to Montgomery, Alabama. He would be available for deposition testimony in Montgomery, Alabama, if petitioner brings an action against Alyeska Pipeline Service Company.

At a hearing on the petition, McNett's attorney argued that the petition should be granted because McNett was presently unable to bring the cause of action. He explained that McNett had left Alaska after her termination, now had returned, and was in the process of seeking new counsel for unspecified reasons.[1]

The superior court denied the petition, noting that "if she's been here for nine months—no reason articulated why she couldn't have brought an action." The superior court stated that McNett had not met "the first prong" of Rule 27(a), namely "that she's unable to bring [a suit] or cause it to be brought." Additionally, the court noted that there appeared to be no reason why a commission to take a deposition in another state would be turned down.

Subsequently the superior court entered a final judgment order denying the petition and awarding Alyeska $300 in attorney's fees. McNett argues two points in this appeal. First, she contends that the superior court erred in denying her Rule 27(a) petition because the court did not meet its affirmative duty of requesting additional evidence of McNett's inability to commence an action. Second, McNett contends that the superior court erred in awarding attorney's fees to Alyeska.

## III. STANDARD OF REVIEW

■ The appropriate standard of review for the granting or denial of a Rule 27(a) petition to preserve pre-litigation testimony is abuse of discretion. *Ash v. Cort*, 512 F.2d 909, 913 (3d Cir.1975); *Harmon v. Mercy Hosp.*, 460 N.W.2d 404, 406 (N.D. 1990).

■ Similarly, we review the award of attorney's fees under the abuse of discretion standard. *Van Dort v. Culliton*, 797 P.2d 642, 644 (Alaska 1990).

## IV. DISCUSSION

### A. Did the superior court abuse its discretion in denying McNett's Rule 27(a) petition?

Alaska Civil Rule 27, titled "Depositions Before Action or Pending Appeal," states in relevant part:

(a) Before Action.

(1) *Petition.* A person who desires to perpetuate his own testimony or that of another person regarding any matter that may properly be the subject of an action or proceeding in any court of the state, may file a verified petition in the superior court. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action in a court of the state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expedited action and his interest therein, (3) the facts which he desires to establish by the proposed testimony and his reasons for desiring [to] perpetuate it, (4) the names or description of the persons he expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

Additionally, Rule 27(a)(3) states:

If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the ex-

---

1. McNett's attorney stated: "[S]he was out of the jurisdiction for a period of time before retaining this firm to represent her. And as developments have occurred—this firm will not represent her in whatever litigation she ultimately contemplates against Alyeska Pipeline. And she is in the process of seeking other counsel; has not yet secured that counsel." Counsel also offered a second ground: "A failure or delay of justice." This ground, which he described generally as a need for court flexibility, has not been briefed on appeal. McNett explains in her brief that her employment with Alyeska had been terminated in June of 1991, and that she returned to Alaska in August of 1991.

amination and whether the deposition shall be taken upon oral examination or written interrogatories.

Alaska Civil Rule 27 is derived from Federal Rule of Civil Procedure 27, and federal decisions interpreting the federal counterpart provide a useful general framework of the purposes of Rule 27.[2] Federal cases have noted that Rule 27(a) " 'is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted.' " *In re Boland,* 79 F.R.D. 665, 668 (1978) (quoting *Petition of Gurnsey,* 223 F.Supp. 359, 360 (D.D.C.1963)). Instead, the Rule applies

> to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately.... Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time.

*Ash v. Cort,* 512 F.2d 909, 911 (3d Cir.1975) (citing to *Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y.1943)). Both federal and state courts have read Rule 27(a) to restrict depositions that are merely searches for a cause of action, rather than an effort to preserve testimony concerning facts already known to the potential litigant. *See Harmon v. Mercy Hosp.,* 460 N.W.2d 404, 406 (N.D.1990).

Under Civil Rule 27, a petitioner must first establish that she expects to be a party to an action, but is unable to bring the action at the present time. Courts have held that there must be a sufficient factual showing to support an expectation of an action. A leading treatise explains this requirement as follows:

> A good illustration of this situation is a case in which an executrix expected that the Commissioner of Internal Revenue would assess a deficiency federal estate tax and desired to perpetuate testimony concerning the intent of the testator in making certain gifts. The court held that the inability to bring or cause to be brought an action concerning this matter was shown by the fact that no action could be begun until the deficiency assessment was made and that even after petitioner paid the assessment she might have to wait six months after filing a claim for refund before suing for its recovery.

8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2072, at 336 (1970) (citing *Petition of Ernst,* 2 F.R.D. 447 (S.D.Cal.1942)).[3]

McNett argues that the superior court had an affirmative duty to seek more information at the hearing as to why she was unable to bring an action at the present time. She asserts that she adequately demonstrated to the superior court that her desire to depose Mr. Cyr was not "a general discovery fishing expedition," but an effort to preserve specific facts. She relies on *In re Burlington Bagel Bakery, Inc.,* 150 Vt. 20, 549 A.2d 1044 (1988), for the proposition that a lower court's reliance on "argumentative assertions of counsel" does not provide adequate grounds for the dismissal of a Rule 27(a) petition. *Id.,* 549 A.2d at 1045. She contends that this court is not bound to adopt federal interpretations of Rule 27, and instead should "examine Rule 27 under the circumstances which are unique to Alaska, and render an opinion based upon Alaska concerns." McNett identifies only one such concern, stating that "[g]iven Alaska's unique concerns for unavailability of potential witness [sic] ... [t]his court should rule that a witness who is preparing to leave Alaska is ... equivalent to a witness who is preparing to leave the United States under the federal rule." Additionally, she contends that the superior court's view that McNett should have commenced her action within the nine months since her termination rendered meaningless the applicable statute of limitations.

---

**2.** We have held that federal authorities interpreting a federal rule may be considered in the interpretation of a similar state rule. *Fenner v. Bassett,* 412 P.2d 318, 321 (Alaska 1966).

**3.** Circumstances that have been found to constitute an adequate showing of impending loss of the proposed deposition testimony include grave illness, or plans to leave the United States for an indefinite or lengthy period of time. *Boland,* 79 F.R.D. at 667.

Alyeska asserts that *Burlington Bagel Bakery, Inc.* can be distinguished. It observes that the Rule 27(a) petition in *Burlington Bagel Bakery, Inc.* concerned a petition to depose a person alleged to be preparing to open a competing bagel bakery in violation of a non-competition agreement. Alyeska observes that in *Burlington Bagel Bakery, Inc.*, the Vermont Supreme Court had found that where the trial court based the denial of a Rule 27 petition solely on the grounds that the petitioner had not provided evidence to support the claim that the competing bagel bakery would be opened, then evidence concerning whether or not the bakery would in fact be opened should have been taken by the court. *Id.* at 1045. Alyeska contends that in contrast, the superior court did not base its findings on a challenge to the proposed action's validity. Instead, the superior court assumed McNett's allegations that she had a valid cause of action to be true, but found that she had failed to demonstrate why she could not bring the cause of action immediately. Alyeska notes that the superior court's decision did not render meaningless the applicable statutes of limitations, as McNett is free to either file another Rule 27(a) petition or to seek discovery once her action has been filed.

■ Given the above, we conclude that the superior court did not abuse its authority in holding, pursuant to Alaska Civil Rule 27, that McNett had not established that she was "unable to bring" her action as of the time of the petition. On this record the superior court could reasonably conclude that McNett failed to show that perpetuation of Cyr's testimony "may prevent a failure or delay of justice." The sole evidence presented by McNett's counsel concerning McNett's inability to bring suit was that McNett had left Alaska of her own will and was now in the process of changing counsel for undisclosed reasons.

■ The superior court provided McNett, through her counsel, with an adequate opportunity to present more specific evidence of why she was unable to bring suit. McNett's counsel chose to respond to the court's questions with non-specific answers. Study of the record does not indicate that the superior court precluded McNett's counsel from introducing any additional facts that might have advanced her cause. McNett's counsel had the opportunity to elaborate further details that might have strengthened McNett's claim of inability.[4]

McNett's argument that Rule 27(a) should be interpreted differently in light of Alaska's unique circumstances is unpersuasive. The mere fact that someone relocates to another state is not equivalent to leaving the country. Compulsory process for depositions is available nationwide. Finally, the superior court's ruling did not render meaningless the statute of limitations. The fact that a potential plaintiff still has time to file a lawsuit does not automatically lead to the conclusion that a Rule 27(a) petition must be granted.

**B. Did the superior court abuse its discretion in awarding Alyeska attorney's fees?**

McNett argues that it was inappropriate for the court to award Alyeska attorney's fees because there was no "prevailing party." She also states that since she would not have been entitled to attorney's fees had she "prevailed," it is inequitable for Alyeska to be awarded such fees. This claim is more of a circular statement than an argument. No authority is cited for either proposition.

■ The superior court's entry of a final order denying McNett's Rule 27 petition was a final judgment for purposes of an attorney's fee award pursuant to Alaska Civil Rule 82. We therefore conclude that

**4.** We hold that a court, when it is presented with a Rule 27 petition, has no affirmative duty to elicit additional evidence from a petitioner or his counsel if the court concludes, based on the evidence presented by the parties on their own volition, that it is persuaded to deny the peti-

tion. Rule 27(a) provides an exceptional privilege that should be reserved for exceptional circumstances. It is properly the responsibility of the petitioner, not the court, to establish that such circumstances exist. *Compare Burlington Bagel Bakery, Inc.*

the superior court did not abuse its discretion in awarding Alyeska $300 in attorney's fees.

## V. CONCLUSION

The superior court did not abuse its discretion in denying McNett's Rule 27 petition to depose Cyr prior to the commencement of her suit against Alyeska since McNett failed to establish that she was unable to commence the action. Further, the superior court did not abuse its discretion in awarding Alyeska $300 in attorney's fees.[5]

**AFFIRMED.**

---

**5.** These holdings make it unnecessary to address any of the remaining points advanced by the parties.