*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-361

APRIL TERM, 2013

| | | |
|---|---|---|
| Mark Bilodeau | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Cristina Bilodeau | } | DOCKET NO. 411-10-09 Wrdm |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's final divorce order. He argues that the court abused its discretion in dividing the marital estate. We affirm.

In a July 2012 order, the trial court found as follows. Husband and wife married in August 2003, and separated in September 2009. They have no children together. Wife is a flight attendant. Husband is in graduate school. Both parties are of similar age and health. Both had their own assets when they met. Wife had a retirement account and also owned two rental properties in Arizona. Husband owned a home in Arizona to which he made significant equity improvements before the parties met. The parties lived in husband's Arizona home between 2003 and 2007, during which time wife made significant contributions toward home improvements. Wife sold her two Arizona properties in 2005 and 2007. She realized a gain of about $144,000 from the sales. Husband sold his Arizona home in 2007, and realized about $135,000. Both parties had their own vehicles at the time of the marriage. Husband owned a Saturn and a 1981 Harley Davidson. Wife owned a Honda Civic. After moving to Vermont, they purchased a Subaru.

The parties maintained separate bank accounts during the marriage, but both made substantial financial and nonfinancial contributions to the marriage. The court explained that at the merits hearing, both parties attempted to show the ways in which they contributed to the marriage and the ways in which the other party withheld money from the marriage. The most credible version of events, the court found, was that both parties contributed to the marriage and neither kept a running score of their contributions. In the big picture, both shared in the financial decision-making and contributed equally to the marriage's financial position. Both contributed to the purchase of the marital home. As the parties had not kept a running tally of who paid for what during the marriage, the court found that it would be revisionist and inequitable to undertake such an accounting in the divorce proceedings.

Additionally, the court explained, a narrow sourcing of the cash that was used for the major marital assets—such as the down payment on the Vermont home—would not be an accurate representation of the bigger financial picture. While it might be true that much of the actual cash for the down payment was derived from the sale of husband's Arizona home, for

example, an elevation of that isolated fact to prominence in the property division would ignore the facts that wife made substantial financial contributions towards the improvements on husband's home (and thus to husband's equity position in the home) and that the proceeds from the sale of wife's properties were used to pay down debts and otherwise contribute to the financial success of the marriage. It would also ignore each party's nonfinancial contributions to the marriage. In other words, the court concluded, both parties had contributed equally to their current position. The court declined to set forth a precise accounting in support of its conclusion, finding that it would invite financial second-guessing at a level beyond which the evidence could fairly sustain. The court found that none of the other statutory factors supported anything other than an equal division of marital property.

Based on these considerations, the court divided the property as follows. It split the equity in the marital home equally. It allowed wife to take whatever furniture and personal property she wanted from the Vermont home, with all remaining property to belong to husband with no compensation paid. Each party kept his or her current vehicle. Each kept his or her individual financial accounts, and the court ordered no repayment or compensation for money withdrawn from certain joint bank accounts shortly before the parties separated. Wife was awarded her retirement account and a Fidelity Mutual Contra Fund. Each party bore responsibility for his or her own credit card debts. Finally, the court found that husband was not obligated to reimburse wife for the cost of his health and dental insurance. Husband filed a motion for reconsideration, which the court denied. This appeal followed.

Husband first asserts that the trial court erred by failing to equally divide the marital estate. According to husband's calculations, wife received 67% of the marital estate. Alternatively, husband maintains that the court erred in finding that an even distribution was equitable. Husband also argues that the court abused its discretion by failing to include the value of a marital asset—a 2005 Subaru Outback—that wife sold during the pendency of the divorce. Husband asserts that he should be credited for at least half of the sale proceeds.

The trial court has broad discretion in dividing marital property, and we will uphold its decision unless its discretion was abused, withheld, or exercised on clearly untenable grounds. Chilkott v. Chilkott, 158 Vt. 193, 198 (1992). The party claiming an abuse of discretion bears the burden of showing that the trial court failed to carry out its duties. Field v. Field, 139 Vt. 242, 244 (1981). As we have noted, the distribution of property is not an exact science and, therefore, all that is required is that the distribution be equitable. Lalumiere v. Lalumiere, 149 Vt. 469, 471 (1988).

We find no abuse of discretion here. As set forth above, the court concluded that the parties had contributed equally during the marriage and that they should therefore divide the marital estate equally. The court rejected husband's contention that he was entitled to a greater share of the marital estate. Husband's challenge to the court's conclusion is simply an attempt to have this Court reweigh the evidence. This we will not do. See, e.g., Mullin v. Phelps, 162 Vt. 250, 261 (1994) (role of Supreme Court in reviewing findings of fact is not to reweigh evidence or to make findings of credibility de novo). The court provided reasonable grounds for its conclusion, and its conclusion is supported by the evidence. See, e.g., In re L.R.R., 143 Vt. 560, 562 (1983) (stating that Supreme Court "will not set aside a discretionary ruling if there is a reasonable basis for the lower court's action"). Contrary to husband's assertion, moreover, there is evidence to show that wife made nonfinancial contributions to the marriage. This includes, according to husband's own testimony, that she acted as a mother to husband's troubled daughter.

We similarly reject husband's contention that the award itself is inequitable. The court indicated that an even split was warranted, and the award is roughly equal. As indicated above, the parties split the equity in the home. The court awarded wife her retirement account and a mutual fund. Husband received a tractor. Each party retained his or her vehicle, and husband will likely retain all of the parties' personal property in the marital home. Wife asked the court to credit her approximately $15,000, representing half of the funds that she alleged that husband withdrew without her knowledge from joint bank accounts shortly before the parties separated. She also requested $12,500 for the value of personal property left in the marital home, half of husband's 2009 income tax refund, and reimbursement for the cost of husband's health insurance after the parties separated. The court rejected all of these requests. Taking these requests into consideration and looking at the evidence as a whole, we cannot conclude that the court's award is unequal or inequitable.

As to the Subaru, the record shows that wife admitted at trial that she had sold this vehicle and purchased a different car. Neither party claimed to be entitled to half the value of the other's vehicles, even when husband believed that wife still owned the Subaru. In fact, following wife's testimony that the Subaru had been sold and that she had purchased a new car, the parties agreed on the record that each would keep his or her own vehicle. The court did not err in failing to award husband half of the value of the Subaru.

Finally, husband argues that the court abused its discretion in providing wife an unlimited right to enter the marital home and remove any personal property that she wants. As stated above, wife sought half of the monetary value of the parties' personal property as it would be impractical for her to move large items to her new home in Arizona. The court did not agree to this proposal and instead allowed wife to remove those items that she desired from the marital home. A reasonableness requirement is implied in this order. Obviously, wife would not be authorized in taking property acquired by husband after the parties' divorce as the court had no jurisdiction over such property. The order extends to the items discussed at the hearing, such as furniture, televisions, and personal items belonging to wife. Additionally, we must read a reasonable time limit into this provision, which we consider to be a year from the date of the final divorce order, or July 11, 2013.

Affirmed with the additional limitation imposed on wife's right to remove personal property from the marital home as set forth above.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3