Vermont Superior Court
Filed 04/25/25
Orleans Unit

VERMONT SUPERIOR COURT
Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-01922

---

**Stowe Aviation, LLC et al v. State of Vermont Agency of Commerce and Community Development**

---

## ENTRY REGARDING MOTION

Title:       Stipulated Motion Filed for Entry of Final Judgment of Dismissal (Motion: 31)
Filer:       David R. Groff; Michael B. Stevens
Filed Date:  March 31, 2025

The motion is DENIED.

This case is in the discovery phase. On September 9, 2024, this court dismissed some, but not all of the claims asserted by Plaintiff in a ruling on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiffs sought an interlocutory appeal, but their motions were denied by both this court and the Vermont Supreme Court. A pretrial scheduling order was issued in preparation for discovery and trial. Now the parties have agreed to terms that would allow the dismissal of some of Plaintiffs' claims to be appealed without proceeding to trial on the undismissed claims, and they ask the court to issue a judgment that would facilitate this approach.

The terms of their agreement include a dismissal of all claims in the Second Amended Complaint, but without prejudice. V.R.C.P. 41(a)(2) allows the parties to file a stipulation of dismissal, but it does not provide for a judgment from the court that would be the basis for an appeal. The parties wish to have a judgment that would enable Plaintiff to appeal the decision dismissing portions of their claims without first proceeding to try the undismissed portions. They have agreed that if Plaintiff does not prevail in the Vermont Supreme Court on such an appeal, the litigation would be over and Plaintiffs would take nothing on any claims; but if Plaintiffs were to prevail, then all claims, as they were initially set forth in the Second Amended Complaint, would proceed to trial. The court understands their desire to save potentially two rounds of litigation expenses. The court asked the parties to brief whether such a process is consistent with the Vermont Rules of Civil Procedure, as it apparently seeks to avoid the effect of the court's denial of Plaintiff's motion for interlocutory appeal by providing for what would operate as an interlocutory appeal.

The parties ask this court to create a judgment that is not final, but is appealable, and is at least partially in the nature of a second interlocutory appeal on the same issue. The Vermont Supreme Court has not issued a decision on whether this procedure is authorized by the Rules. The court's research shows that the tactic sought by the parties has been litigated in other jurisdictions, with mixed results. According to Wright & Miller, "The general rule is that a dismissal without prejudice is neither final nor appealable." 9 Wright & Miller, Federal Practice & Procedure: Civil § 2367 (4th ed.). This is because "a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed. After the filing of a dismissal, the action is no longer pending, and generally no further proceedings in the action are proper." *Id*.

This case is three years old and considerable judicial resources have already been devoted to it, including three appeals to the Vermont Supreme Court. One was a denial of a request for interlocutory appeal on the exact issue the Plaintiffs now wish to appeal. While the court understands the parties' desire to conserve resources, in analyzing whether the request is consistent with the Vermont Rules of Civil Procedure, the following analysis from the Second Circuit is persuasive:

> A plaintiff's attempt to appeal a prior adverse determination following the dismissal of his remaining claims without prejudice necessarily implicates the policies of the final judgment rule. Allowing such an appeal following a voluntary dismissal *with prejudice* . . . furthers the goal of judicial economy by permitting a plaintiff to forgo litigation on the dismissed claims while accepting the risk that if the appeal is unsuccessful, the litigation will end. By contrast, because a dismissal *without prejudice* does not preclude another action on the same claims, a plaintiff who is permitted to appeal following a voluntary dismissal without prejudice will effectively have secured an otherwise unavailable interlocutory appeal. As the Ninth Circuit explained:
>
>> If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal [pursuant to Rule 41], and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C. § 1291. *Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073, 1076–77 (9th Cir. 1994) (internal quotations omitted, alteration added).

*Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 654–55 (2d Cir. 1996) (emphasis added); "In general, Vermont follows the final-judgment rule, which provides that appellate review is usually postponed until after final judgment because this best protects the interests of litigants while conserving judicial resources." <u>State v. Haynes</u>, 2019 VT 44, ¶ 12, 210 Vt. 417; *accord <u>In re Pyramid Co. of Burlington</u>*, 141 Vt. 294, 300 (1982) ("Piecemeal appellate review causes

unnecessary delay and expense, and wastes scarce judicial resources."). "To be final and appealable an order must end litigation on the merits or conclusively determine the rights of the parties, leaving nothing for the court to do but execute the judgment." *In re Burlington Bagel Bakery, Inc.*, 150 Vt. 20, 21 (1988) (internal quotation omitted).

Accordingly, the court declines to issue the judgment proposed by the parties. Therefore, the motion is denied.

Electronically signed April 25, 2025 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned