**Michelle E. STEIN v. Daniel E. STEIN**

[800 A.2d 460]

No. 00-263

April 15, 2002. Father appeals the judgment of the family court affirming the magistrate's enforcement order regarding father's child support obligation. Father raises numerous issues on appeal, but essentially challenges the constitutionality of the child support guidelines applied to parents with shared custody, arguing that they deny him equal protection of the law. He also specifically challenges the magistrate's computation of different child support amounts for the school year and summer vacation in the underlying child support order as denying him equal protection of the law. Finally, father argues that the magistrate erred by failing to modify his child support obligation and by failing to forgive his accrued arrears. We affirm.

The parties were divorced by order of the family court on August 12, 1999. They stipulated to shared custody for their two children, but contested the issue of child support. Both mother and father were represented by counsel at this time. Among the issues raised by father before the magistrate regarding child support were whether the facts supported a deviation from the child support guidelines and whether the child support guidelines operated so as to treat each parent fairly with respect to such issues as housing costs across the state, age of parties' children, tax filing status of parents, and benefits incident to employment enjoyed by some parents such as health insurance and cafeteria plans. The magistrate determined that the facts did not support a deviation from the guidelines. Furthermore, the magistrate stated that she could not determine what the asserted flaws in the guidelines were from father's submissions and, therefore, she would not deviate from the guidelines on that basis either. The magistrate issued a final child support order on May 4, 1999 requiring father to pay $546.45 in monthly support during the school year and $253.89 in monthly support during the summer months. Father did not appeal from this order.

With the exception of July, father never paid the full amount ordered by the magistrate, and in October 1999 mother pursued an enforcement action through the Office of Child Support. Another hearing was held before a magistrate at which both parties ap-

peared pro se. In opposition to the enforcement action father argued that he and mother had verbally agreed to modify his support obligation and to waive arrears accruing before September, that he lacked the ability to meet his support obligation and that the magistrate's findings in its May 1999 order were erroneous. He also again attacked the methodology for calculating child support under the guidelines for its disparate treatment of parents. The magistrate issued an enforcement order determining the amount of arrears and establishing a schedule for their payment. The magistrate concluded, among other things, that father could not collaterally attack the May 1999 order, including its findings and the methodology used to calculate his child support obligation, i.e., the child support guidelines, as those matters were res judicata. The magistrate also found that father had the ability to pay his obligation and that mother's verbal agreement to reduce father's monthly child support and waive arrears in exchange for regular payment on his behalf was not enforceable.

Father appealed the magistrate's decision to the family court. Father reiterated his attack on the guidelines as discriminatory, requested that the court reconsider his support obligation and modify it so as to deviate from the support guidelines and requested that his accrued arrearage be waived. The family court affirmed the magistrate's enforcement order, concluding father had failed to demonstrate that the guidelines deprived him of equal protection of the law and determining his attack on the original child support amount was barred by res judicata. The court noted, however, that father could bring a motion to modify his child support obligation based on a change in circumstances. The court also determined that mother's agreement to waive father's child support arrears was not enforceable. Father now appeals to this Court.

We conclude, like the magistrate, that father may not now attack the constitutionality of the child support guidelines used to establish his child support obligation in this enforcement action given his failure to appeal the original final child support order; it constitutes a collateral attack on that order barred by the principles of res judicata. As we have noted previously "[a] collateral attack is one questioning the validity of a judgment in a proceeding which is not brought for the purpose of modifying, setting aside, vacating or enjoining the judgment." *Hixson v. Plump*, 167 Vt. 202, 205, 704 A.2d 1159, 1161 (1997) (internal quotation marks and citations omitted). Such attacks are permissible only when a party can show that the court issuing the order sought to be enforced lacked jurisdiction to issue the order. *Id.* Otherwise, claims or issues that were raised, or should have been raised, in the original proceeding cannot be relitigated in the enforcement action. *Agway, Inc. v. Gray*, 167 Vt. 313, 316, 706 A.2d 440, 442 (1997) (holding in action to enforce a New York judgment that defendant was barred by res judicata from challenging arbitrator's authority in action giving rise to New York judgment or from raising counterclaims in action to enforce); see also *Wursthaus, Inc. v. Cerreta*, 149 Vt. 54, 55, 539 A.2d 534, 535 (1987) (noting in action to enforce a Massachusetts money judgment that res judicata prevents a party from "defend[ing] upon the original merits" in the enforcement action); *Lerman v. Lerman*, 148 Vt. 629, 629, 528 A.2d 1121, 1122 (1987) (mem.) (holding in child support enforcement proceeding that father's collateral attack on original child support order — challenging his paternity — was barred by res judicata).

Indeed, father made many of the same arguments regarding the operation of the guidelines before the magistrate in the original proceeding to determine child support that he makes here. Father had

an adequate opportunity to challenge that final child support order via an appeal. He may not simply disobey the order and wait for mother to bring an enforcement action to do so. Cf. *Jessen v. Jessen*, 611 N.W.2d 834, 838-40 (Neb. 2000) (holding that husband could not collaterally attack temporary spousal support order in garnishment proceeding); *In re Marriage of Williams*, 998 S.W.2d 724, 727-28 (Tex. App. 1999) (husband could not collaterally attack substance of judgment regarding support matters in proceeding to enforce judgment); see also *NLRB v. Local 282*, 428 F.2d 994, 998-99 (2d Cir. 1970) (party could not collaterally attack validity of permanent injunction from which it did not appeal, nor seek relief, in contempt proceeding to enforce the injunction). Likewise, father may not collaterally attack, on constitutional grounds or otherwise, the specific amount of the original child support order and the order's provision for separate amounts of support for the school year and summer months.

Finally, with regard to his argument that mother's agreement to accept less in child support and waive arrears in exchange for regular payment of support should be enforced, the family court properly declined to do so. Father argues here that he and mother agreed to a reduced amount of child support and a waiver of arrearage. It appears from the record that mother entered into this agreement in exchange for regular monthly payment from father. With respect to the arrears, we have previously held that a parent may not waive arrears on the child's behalf, and the trial court is no longer afforded such discretion by statute. *Callaert v. Callaert*, 156 Vt. 265, 267, 591 A.2d 99, 100 (1991). This is consistent with the principle that a parent may not waive a child's general right to support. *Id.* Additionally, father's representation in his brief that he and mother sought reduced amounts of child support jointly is belied by the fact that mother brought an enforcement action seeking payment of the amounts reflected in the original child support order.

Accordingly, we discern no basis for disturbing the enforcement order in this action.

*Affirmed.*