NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 13

No. 23-AP-231

| | |
|---|---|
| Town of Pawlet | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, |
| | Environmental Division |
| | |
| Daniel Banyai | January Term, 2024 |

Thomas S. Durkin, J.

Merrill E. Bent of Woolmington, Campbell, Bent & Stasny, P.C., Manchester Center, for
 Plaintiff-Appellee.

Robert J. Kaplan of Kaplan and Kaplan, Burlington, for Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton, Carroll and Waples, JJ., and Tomasi, Supr. J.,
Specially Assigned

¶ 1. **EATON, J.** This appeal involves a zoning enforcement action brought by the Town of Pawlet against landowner Daniel Banyai. After landowner repeatedly failed to comply with prior orders, the Environmental Division imposed contempt sanctions, which landowner argues on appeal are punitive and violate the excessive fines clause of the U.S. Constitution. The Town claims that landowner's arguments amount to an impermissible collateral attack on a final order. Because we agree that landowner's arguments are an impermissible collateral attack, we affirm.

¶ 2. The relevant facts are undisputed. In 2017, landowner began operating a "firearms training facility" on his property in West Pawlet. In 2019, the Town filed a zoning enforcement

action against landowner in the Environmental Division, alleging numerous violations of the Town's Uniform Zoning Bylaws. Following a merits hearing, the Environmental Division found landowner's property in violation. It issued a judgment in 2021 that required landowner to remove multiple unpermitted structures and have his property surveyed within thirty days. Landowner appealed that judgment, and we affirmed. Town of Pawlet v. Banyai, 2022 VT 4, ¶¶ 11-12, 216 Vt. 189, 274 A.3d 23.[1] During and after the pendency of that appeal, landowner did not comply with these requirements and took no action to remove the unpermitted structures or have the property surveyed.

¶ 3.    Based on landowner's noncompliance, the Town filed a motion for contempt, which the Environmental Division deferred until after the conclusion of landowner's appeal. The Town renewed its motion in January 2022. In the months that followed, landowner was afforded several opportunities to comply with the Environmental Division's 2021 judgment. Landowner did not abide by the Environmental Division's orders and instead, landowner raised arguments attempting to nullify those orders, including that his property was "agricultural" and thus exempt from the zoning regulations, that his property was not within the Town's jurisdiction, and that the zoning regulations did not apply to him. The record further indicates that he failed to comply with discovery and repeatedly cancelled, sometimes at the eleventh hour, events such as site inspections.

¶ 4.    Following a hearing in November 2022, the Environmental Division found landowner in contempt for failing to fulfil his by-then "long-standing obligation" to remove

---

[1] Landowner claims that he was unable to comply with the 2021 decision because its requirements were "unclear" and vague. Any challenge to the 2021 decision should have been raised in landowner's 2022 appeal. Having failed to raise the argument then, landowner is precluded from bringing it now. See Miller v. A.N. Deringer, Inc., 146 Vt. 59, 60, 498 A.2d 501, 502 (1985) ("Judgments from which timely appeals are not taken are conclusive upon the parties.").

unpermitted structures on his property and have a survey conducted within the required time. The court issued a February 2023 contempt order imposing multiple sanctions. The order first imposed purgeable fines of "$200 per day . . . running until all violations are cured." In setting these fines, the court emphasized landowner's "continual, unrepentant, and willful disregard" of prior orders and the failure of lesser fines to coerce landowner's compliance. The order also permitted the Town to enter landowner's property to remove unpermitted structures. Once again, the court underscored the need for "tough, but fair" sanctions to ensure landowner's "timely compliance," given that this enforcement action had been ongoing since September 2019. Lastly, the order authorized nonpurgeable fines and the issuance of a mittimus for landowner's arrest if he further failed to comply with the schedule the court had imposed, which required removing certain structures within 45, 90, and 135 days. Because landowner had "repeatedly, willfully, perhaps enthusiastically, continued to ignore" orders, the court found the prospective threat of nonpurgeable fines and imprisonment necessary to coerce his compliance. Importantly, however, the allowance for the Town to enter the property, the nonpurgeable fines, and the mittimus were contingent on landowner's noncompliance within the time given.

¶ 5.    Landowner filed a motion to reconsider and sought an extension of the deadlines in the order. The Environmental Division partially granted his request for an extension and denied landowner's motion to reconsider. He did not appeal the February 2023 contempt order or the denial of reconsideration. He also did not comply with the order, even with the extension he requested. Instead, he reraised previously rejected arguments and again canceled scheduled events such as site visits. In June 2023, after all deadlines in the February 2023 contempt order expired, the Town moved to enforce the sanctions. The Environmental Division granted the motion in a July 2023 enforcement order, which enforced the February 2023 contempt order by making the fines nonpurgeable and authorizing a mittimus for landowner's arrest. Landowner appeals the July 2023 enforcement order.

3

¶ 6.    Landowner's arguments focus on the sanctions imposed by the Environmental Division, and thus a background on civil contempt sanctions is helpful for context.  Contempt sanctions provide courts with a means of coercing a party's compliance with orders where that party has refused to comply.  Sheehan v. Ryea, 171 Vt. 511, 512, 757 A.2d 467, 468 (2000) (mem.).  Courts have discretion to craft appropriate contempt sanctions to coerce compliance, which may include fines, imprisonment, or other sanctions the court deems appropriate.  See Mayo v. Mayo, 173 Vt. 459, 463, 786 A.2d 401, 407 (2001) (mem.).  In a civil context, however, the sanctions cannot be "punitive," Ex parte Sage, 115 Vt. 516, 517, 66 A.2d 13, 14-15 (1949), and imprisonment must be "capable of being avoided" so that "the contemnor holds the keys to the jail" and remains "committed only until the act required by the court is performed," Sheehan, 171 Vt. at 512, 757 A.2d at 468 (quotation omitted).

¶ 7.    On appeal, landowner argues that the July 2023 enforcement order imposed impermissible civil contempt sanctions by authorizing fines while simultaneously issuing a writ of mittimus for his arrest and allowing the Town to enter his property to remove the unpermitted structures.  He claims these sanctions wrongfully assign the "keys to the jail" to the Town, improperly combine compensatory fines with coercive sanctions, and impermissibly seek to punish him rather than coerce his compliance.  He further asserts that the fines and allowance for his arrest violate the Excessive Fines Clause of the U.S. Constitution.  See U.S. Const. amend. VIII (disallowing "excessive fines").  The Town contends that landowner's arguments are an impermissible collateral attack on a final order, and therefore we should not address their merits.  We agree.

¶ 8.    It is well settled that a court's final judgments are "conclusive upon parties" and "cannot be collaterally attacked."  Bennett Est. v. Travelers Ins. Co., 140 Vt. 339, 343, 438 A.2d 380, 382 (1981), overruled on other grounds by Bevins v. King, 147 Vt. 645, 513 A.2d 41 (1986); see Porter v. Gile, 47 Vt. 620, 623 (1874) (describing as "well settled" that court's final judgments

4

"cannot be impeached collaterally"). A final judgment is one that "conclusively determine[s] the rights of the parties, leaving nothing for the court to do but execute [it]." In re Burlington Bagel Bakery, Inc., 150 Vt. 20, 21, 549 A.2d 1044, 1045 (1988) (quotation omitted). A collateral attack is an attempt to question the validity of a final judgment in a proceeding that "is not brought for the purpose of modifying, setting aside, vacating[,] or enjoining the judgment." Hixson v. Plump, 167 Vt. 202, 205, 704 A.2d 1159, 1161 (1997) (quotation omitted); accord Stein v. Stein, 173 Vt. 627, 628, 800 A.2d 460, 462 (2002) (mem.) (holding that court's final judgment in original proceeding cannot be "relitigated" in subsequent enforcement proceeding).[2]

¶ 9.    Here, the Environmental Division's February 2023 contempt order was a final judgment that "conclusively determine[d Banyai's] rights . . . [and] le[ft] nothing for the court to do but execute [it]." Burlington Bagel Bakery, 150 Vt. at 21, 549 A.2d at 1045 (quotation omitted). The February 2023 contempt order arose after the 2021 merits decision was rendered by the Environmental Division, appealed by landowner, and affirmed by this Court. See Town of Pawlet, 2022 VT 4, ¶¶ 11-12. The February 2023 contempt order also expressly found landowner in contempt and fully outlined the scope of sanctions that he faced, including both the accruing fines and the potential for his arrest.[3]  Cf. Kneebinding, Inc. v. Howell, No. 2018-203, 2018 WL

---

[2] Although collateral attacks on final judgments, including contempt orders, are generally impermissible, we recognize an exception when the "court rendering [the final judgment] lacks jurisdiction." Bennett Est., 140 Vt. at 343, 438 A.2d at 382; see Stein, 173 Vt. at 628, 800 A.2d at 462 ("[Collateral] attacks are permissible only when a party can show that the court issuing the order sought to be enforced lacked jurisdiction to issue the order."). Neither party argues that this exception applies to the instant case, and therefore we need not address it.

[3] At oral argument, landowner claimed that, because the July 2023 enforcement order calls itself a "judgment order," it is separate from the February 2023 contempt order, and thus he is not barred from attacking it now. We disagree. The contents of the July 2023 enforcement order sought only to recognize and enforce the sanctions already imposed, regardless of its title. See Bach v. Dawson, 268 P.3d 1189, 1191 (Idaho Ct. App. 2012) ("[W]hether a document is a[n] . . . order or a 'judgment' [is] . . . determined not by [its] title, but by [its] contents."); Ayer v. Hemingway, 2013 VT 37, ¶ 25, 193 Vt. 610, 73 A.3d 673 (Robinson, J., dissenting) (relying favorably on Bach). Indeed, the July 2023 enforcement order arose not as a resolution to a pending

5980579, at \*1 (Vt. Nov. 9, 2018) (unpub. mem.) [https://perma.cc/R6DP-APF4] (holding contempt order is not final if "the question of sanctions is postponed" (quoting Wright & Miller, 15B Federal Practice and Procedure, § 3917 (2d ed. 1982))); accord Shields v. Kimble, 486 S.W.3d 791, 797 n.4 (Ark. Ct. App. 2016) ("An order of contempt is not final . . . where no sanctions have been imposed."); Frey v. Frey, 2011-Ohio-6012, ¶ 17, 967 N.E.2d 246 (Ct. App.) (similar).

¶ 10. Because the February 2023 contempt order was a final appealable judgment, landowner is foreclosed from now collaterally attacking any determinations made final in that order. See Hixson, 167 Vt. at 205, 704 A.2d at 1161 (disallowing parties from collaterally attacking determinations made in final judgments). These final determinations included (1) the imposition of "fines of $200 per day" that would become nonpurgeable if noncompliance continued, (2) the requirement that landowner "permit the Town to conduct . . . site inspections" on his property and enter the property to remove unpermitted structures if he had not done so by the order's deadlines, and (3) the authorization "of a mittimus for the imprisonment" of landowner if "any one of [the] deadlines was not satisfied." Landowner never challenged the February 2023 contempt order or denial of reconsideration by a timely direct appeal to this Court, as he tacitly concedes in his brief. See V.R.A.P. 3(a) (authorizing appeal by right of final judgment); V.R.A.P. 4(a) (requiring notice of appeal be filed within thirty days). Accordingly, landowner's attempt to challenge these three determinations now, by arguing that they are improperly punitive, that they wrongly assign the "keys to the jail" to the Town, and that they violate the Excessive Fines Clause, is an impermissible collateral attack on the February 2023 contempt order. See Stein, 173 Vt. at 628-29, 800 A.2d at 462 (holding attack was collateral because party "had an adequate opportunity to challenge th[e] . . . order via an appeal" but failed to).

---

matter before the court but as a response to the Town's motion to enforce the order, as landowner's brief concedes.

¶ 11.    When a party's arguments are an impermissible collateral attack, they are "barred." Tudhope v. Riehle, 167 Vt. 174, 177, 704 A.2d 765, 767 (1997). The rule barring collateral attacks seeks to "promote [the] finality of judgments." Hill v. Springfield Hosp., 2023 VT 23, ¶ 17, __ Vt. __, 297 A.3d 504 (citing In re C.L.S., 2020 VT 1, ¶ 22, 211 Vt. 344, 225 A.3d 644). Finality, in turn, is "essential" to a "functioning judicial system" because it helps "bring litigation to an end, prevent vexatious litigation, [and] maintain the stability of court decisions." Engelman Irrigation Dist. v. Shields Bros., Inc., 514 S.W.3d 746, 750 (Tex. 2017) (quotation omitted); see Mishler v. Cnty. of Elkhart, 544 N.E.2d 149, 151 (Ind. 1989); Cohen v. Cohen, 25 N.E.3d 840, 847 (Mass. 2015); Gennarini Constr. Co. v. Messina Painting & Decorating Co., 545 A.2d 579, 583 (Conn. App. Ct. 1988).

¶ 12.    Here, because landowner's attempts to challenge the contempt sanctions are an impermissible collateral attack, we need not consider whether the sanctions and authorization of a mittimus for landowner's arrest wrongfully assigned the "keys to the jail" to the Town, improperly combined compensatory fines with coercive sanctions, sought to punish him rather than coerce his compliance, or violated the Excessive Fines Clause.[4] Tudhope, 167 Vt. at 177, 704 A.2d at 767. Landowner had the opportunity to comply with the February 2023 contempt order or appeal it, or the denial of the motion to reconsider, in a timely manner. See V.R.A.P. 3; V.R.A.P. 4(a). His choice to bypass the appellate process does not grant him the right to review now. See In re Kasper, 142 Vt. 31, 35, 451 A.2d 1125, 1126 (1982) ("[A] collateral attack is barred if the [party] deliberately bypassed the issue on appeal." (quotation omitted)). By declining to decide the merits of his claim, we likewise ensure that landowner's appeal does not assail the important principle of

---

[4] Landowner also failed to raise his argument regarding the Excessive Fines Clause below, providing an additional reason not to address the merits of that argument on appeal. See State v. Bergquist, 2019 VT 17, ¶ 64 n.13, 210 Vt. 102, 211 A.3d 946 ("We will not consider issues, even those of a constitutional nature, that are insufficiently raised [below].").

finality by belatedly relitigating matters already made final in the February 2023 contempt order. See Gennarini Constr. Co., 545 A.2d at 583 (observing how "belated litigation" can "undermine[] the important principle of finality" (quotation omitted)); see also Engelman Irrigation Dist., 514 S.W.3d at 750 (indicating need to "bring litigation to an end" by rejecting collateral attacks). We therefore decline to disturb the Environmental Division's decision. The contempt sanctions the Environmental Division imposed are entitled to full enforcement.

Affirmed.

FOR THE COURT:

_____
Associate Justice