Filed 11/04/24

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-00884

---

Town of Pawlet v. Daniel Banyai et al

---

# ORDER

This is a foreclosure action brought by the Town of Pawlet against Daniel Banyai, David Brodsky, Slate Ridge Incorporated, and Spencer & Lepre LLP. This matter was reopened by order of the court on October 14, 2024. On October 15, 2024, Defendant Banyai filed a request for foreclosure mediation. The Town filed an objection on October 21, 2024 and Defendant Banyai filed a response on November 4, 2024. For the reasons stated below, Defendant Banyai's request for mediation is DENIED.

The Town argues that 12 V.S.A. Ch. 163 does not provide a right to mediation in this case because this case involves a foreclosure on a judgment lien as opposed to a foreclosure of a mortgage. The Town is correct that Chapter 163 establishes a mediation program "in actions for foreclosure of a mortgage" and not foreclosure of a judgment lien. 12 V.S.A. § 4631(a). As such, Defendant Banyai is not entitled to foreclosure mediation under Title 12 of the Vermont Statutes Annotated. This does not end the inquiry for the court as mediation in this action is governed by V.R.C.P. 16.3.

Rule 16.3 states that "parties must participate in mediation pursuant to this rule unless excused by the judge." V.R.C.P. 16.3(a)(1). The Rule goes on to state that mediation is not required in the following cases:

A. Small claims actions under the Vermont Rules of Small Claims Procedure;
B. Actions in which at or before the filing of the last required pleading, the parties jointly certify that they have in good faith engaged in mediation regarding the dispute that is the subject of the action and file with the court a report of the mediator, describing the process employed and the results;
C. Actions to foreclose a mortgage or evict a tenant;
D. Actions to renew a judgment;
E. Appeals under Rules 74-75; and
F. Proceedings for a writ of habeas corpus or for post-conviction relief.

V.R.C. P. 16.3(a)(2). An action to foreclose a judgment lien is not one of the listed exceptions for those cases where mediation is not required. As such, mediation is required for actions to foreclose a judgment lien unless otherwise ordered by the court.

Although mediation is required for this type of case, "[t]he court at any time, by its own order or on the motion of a party, may for good cause excuse any party or parties from the application of any or all provisions of this rule or may modify provisions of the rule to fit particular circumstances." V.R.C.P.

Order                                                                                   Page **1** of **2**
22-CV-00884 Town of Pawlet v. Daniel Banyai et al

16.3(d).  This case involves a long-running dispute between the Town and Defendant Banyai that has gone from the Environmental Division, to the Vermont Supreme Court, to this court.  It has resulted in a contempt finding and a mittimus for Mr. Banyai's imprisonment for failure to comply with the Environmental Court's order.  *See Town of Pawlet v. Banyai,* 2024 VT 13 (upholding contempt sanctions against Mr. Banyai by the Environmental Division).  Given this contentious history, the court does not see that mediation would be either successful or helpful.  The court finds good cause to excuse the Town from engaging in mediation with Defendant Banyai in this case.

Order

Plaintiff is excused from engaging in mediation in this action.

Electronically signed on November 4, 2024 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*

Alexander N. Burke
Superior Court Judge