VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-ENV-00061



| 3 Gill Terrace DRB Decision Appeal |
| --- |

## ENTRY REGARDING MOTIONS

Motion:     Motion to Dismiss

Filer:     Bert C. Whidden, Attorney for Landowners John and Marissa Szczepanski

Filed Date:     November 4, 2024

Memorandum in Opposition filed by Appellant Cathleen Ellmaker on December 13, 2024

………………………………………………………………………………………………………

Motion 2:     Motion to Compel Corrections to the Record

Filer:     Cathleen Ellmaker, Appellant

Filed Date:     December 12, 2024

No response filed.

**The motions are GRANTED in part and DENIED in part.**

This is an on-the-record appeal from a June 20, 2024 decision of the Village of Ludlow Development Review Board (DRB) affirming the Zoning Administrator's issuance of a building permit for a single-family residence to Marissa and John Szczepanski (Appellees). Neighboring landowners Cathleen and Lee Ellmaker, and Leslie and Marc Stuart (together Appellants), appealed the DRB's decision to this Court. Presently before the Court is Appellees' motion to dismiss for failure to state a claim upon which relief can be granted, as well as Appellant's motion to compel corrections to the record.

### Discussion

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, we will not dismiss a claim unless it appears "beyond a doubt that there exist no facts or circumstances, consistent with the complaint, that would entitle the plaintiff to relief." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575.

"Motions to dismiss for failure to state a claim are disfavored and should be rarely granted." Id. (citation omitted). On such a motion, if "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56…" V.R.C.P. 12(b). It is within the Court's discretion whether to convert the motion or to disregard the extrinsic materials. Island Indus., LLC v. Town of Grand Isle, 2021 VT 49, ¶ 18, 215 Vt. 162 (citation omitted). However, in an on-the-record appeal, the Environmental Division is governed by the Vermont Rules of Appellate Procedure (V.R.A.P.), and therefore, summary judgment is inappropriate. In re RACDC Retention Pond, No. 62-5-12 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. July 31, 2012)(Walsh, J.) (citing In re Ferrera & Fenn Gravel Pitt Application, No. 159-9-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 29, 2011) (Durkin, J.).

Here, Appellees' motion relies on matters outside of the pleadings by citing to the Ludlow Zoning Bylaws (the Bylaws) and Appellees' application materials. See In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (explaining that in the environmental division, we view the Notice of Appeal and Statement of Questions as the pleadings). For example, the motion argues that Questions 2, 5, 6, 7, 8, and 9 of Appellant's revised Statement of Questions should be dismissed because they are outside the scope of what must be reviewed for a building permit. To answer these Questions, however, the Court must necessarily look to the Bylaws. Because the Bylaws are outside the pleadings, it would be improper to consider them when reviewing a 12(b)(6) motion.

Similarly, Appellees' motion argues that Questions 3 and 4 should be dismissed because the record shows that the setbacks and height were presented with the zoning application and fall within the guidelines put forth in the Bylaws. Again, this argument necessarily requires the Court to review the application and/or the Bylaws. The same is true for Questions 10 and 11. Accordingly, the motion to dismiss with respect to these questions is **DENIED**.

With respect to Question 1, however, the Question is outside of the scope of this appeal and must be dismissed. Question 1 asks whether the DRB "misadvised" Appellants during a December 12, 2022 subdivision hearing.[1] This subdivision hearing is not a part of the permit proceedings on

---

[1] Appellants allege they received bad advice from the Town during the subdivision review process which led them to hold off on raising their concerns regarding stormwater, erosion, drainage and related issues sooner. However, the subdivision permit was not appealed, and is therefore final and binding under 24 V.S.A. § 4472. The Court is unable to consider arguments relating to the subdivision hearing, as doing so would constitute a collateral attack on a final and binding permit. See Town of Pawlet v. Banyai, 2024 VT 13, ¶ 12 (explaining the prohibition against collateral attacks). Further, by asking whether, in a prior proceeding, the Ludlow DRB "misadvised" Appellants, Question 1 appears to ask the Court to engage in fact finding that is inappropriate for an on-the-record appeal where the Environmental Division functions as an appellate court. In re RACDC Retention Pond, No. 62-5-12 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. July 31, 2012)(Walsh, J.). No further evidentiary proceedings are allowed in this case. Id.

appeal in this case and is, therefore, outside this Court's jurisdiction. See In re Torres, 154 Vt. 233, 236 (1990) (explaining that jurisdiction in a zoning appeal is limited to consideration of the application that was properly warned before the local board). Accordingly, Question 1 is **DISMISSED**.

We now turn to Appellants' motion to compel corrections to the record. The motion lists several corrections, not all of which are necessary. Appellants request a table of contents and changes to the order of documents to reflect the proper chronology of events. There is no requirement in V.R.E.C.P. 5(h) which requires a table of contents or a particular order of documents. Furthermore, Appellants allege that several of the documents are illegible. The Court disagrees and has no issue reading the documents, except for page 21, which is blank. The Town shall resubmit Page 21. Lastly, to the extent that there are documents missing from the record which were included in the Town's initial filing of the record, and that were filed with the DRB in advance of its Notice of Decision dated June 20, 2024 (Application No. 501-24-AP), we **ORDER** the Town to file those missing documents listed in Appellants' motion, or to file any appropriate objections to the same.

## Conclusion

Appellees' motion to dismiss requires review of the Ludlow Zoning Bylaws, application materials and potentially other documents, which are outside of the pleadings. Therefore, the motion is more akin to a motion for summary judgment. Because summary judgment motions are not appropriate for an on-the-record review, we decline to convert the motion to dismiss. Therefore, the motion is **DENIED** with respect to Questions 2–11. Question 1 asks about a 2022 subdivision hearing for a permit that is not before the Court and that was not appealed. Accordingly, Question 1 is outside this Court's jurisdiction and is hereby **DISMISSED**.

Appellants' motion to compel is **DENIED** with respect to its request for a table of contents and the reordering of documents. The motion is **GRANTED** as discussed above, with respect to any documents missing from the record, absent an appropriate objection by the Town.

The parties shall proceed to operate under the current briefing schedule as outlined in the Court's December 6, 2024 Scheduling Order. Once the briefing is complete, the Court will take this matter under advisement.

Electronically signed on December 24, 2024, pursuant to V.R.E.F. 9(d).

Joseph S. McLean

Superior Court Judge
Environmental Division