VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-350



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2025

Cheryl O'Donnell v. Hope Clough\*

}    APPEALED FROM:
}    Superior Court, Orange Unit,
}    Civil Division
}    CASE NO. 23-ST-00425
       Trial Judge: Daniel P. Richardson

In the above-entitled cause, the Clerk will enter:

Defendant appeals the civil division's order extending an anti-stalking order for an additional year.  We affirm.

The parties are neighbors in Bradford, Vermont who have an ongoing dispute over ownership of a right-of-way.  In May 2023, plaintiff filed a complaint alleging that defendant had been stalking and harassing her and had recently come onto her property and threatened her with a knife.  Following a final hearing at which both parties appeared and testified, the court issued an order in which it found that defendant had repeatedly threatened to burn plaintiff's personal property, cut small trees and brush on plaintiff's property, made other threats toward plaintiff, and had repeatedly advanced toward plaintiff while holding sharp gardening instruments including a pruning saw.  These threats gave plaintiff significant anxiety and emotional distress and caused her to relocate her garden, park her car in a different location, look out every window before exiting her home to make sure defendant was not present, monitor her property with surveillance video, and limit use of her yard to certain areas.  The court therefore ordered defendant to stay away from plaintiff and to stay fifty feet away from the undisputed boundary line between their properties.  Defendant appealed to this Court, and we affirmed the order in May 2024.  O'Donnell v. Clough, No. 23-AP-359, 2024 WL 2854705 (Vt. May 10, 2024) (unpub. mem.) [https://perma.cc/AW7Y-3NW5].

In July 2024, plaintiff moved to extend the anti-stalking order for an additional year.  Plaintiff asserted that earlier that month, she had seen defendant clearing brush within fifty feet of the undisputed boundary line, in violation of the order.  Plaintiff took a video and called the state police.  A state trooper arrived and observed defendant while she was within fifty feet of the boundary line.  He also viewed the video.  He cited defendant for violating the order.  Defendant opposed the motion, claiming that plaintiff had obtained the original anti-stalking order by fraud and denying that she had engaged in the threatening behavior that the court found in that order.

The court held a hearing on the motion in October 2024, at which defendant denied that she had gone near plaintiff and asserted that she owned the right-of-way. At the conclusion of the hearing, the court extended the anti-stalking order until October 2025. The court clarified that defendant was not to enter upon plaintiff's property, including any property claimed by plaintiff outside the established right-of-way. Defendant was permitted to use the right-of-way for ingress and egress as long as she stayed away from plaintiff. Defendant was not permitted to cut, prune, or perform any maintenance on the right-of-way. The court noted that the parties' civil litigation was ongoing and that if the results of that litigation conflicted with the anti-stalking order, the parties could move to modify the order. Defendant appealed.

Section 5133(e) of Title 12 states that at the expiration of an anti-stalking order, the court may extend the order "for such additional time as it deems necessary to protect the plaintiff." The statute provides that "[i]t is not necessary for the court to find that the defendant stalked or sexually assaulted the plaintiff during the pendency of the order to extend the terms of the order." 12 V.S.A. § 5133(e). This Court reviews a decision to extend an anti-stalking order for abuse of discretion. Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513.

On appeal, defendant argues that: the extension of the anti-stalking order violates her property rights because it effectively prohibits her from using portions of her own property; plaintiff failed to prove that defendant stalked her; defendant was not permitted to present critical evidence; plaintiff was using the anti-stalking process to harass defendant; and the court failed to consider alternative solutions. She asks this Court to reverse the anti-stalking order and delineate the property boundaries in her favor.

We begin by noting that some of defendant's arguments, particularly in her reply brief, appear to challenge the original anti-stalking order. As this Court found in its previous decision, the evidence supported the trial court's findings that defendant stalked plaintiff, meaning that it was required to enter a protective order. O'Donnell, 2024 WL 2854705, at *2. That order became final when this Court affirmed it and is no longer subject to challenge. See Town of Pawlet v. Banyai, 2024 VT 13, ¶ 8 ("It is well settled that a court's final judgments are conclusive upon parties and cannot be collaterally attacked." (quotations omitted)). Thus, we do not address defendant's arguments that there was no evidence to support plaintiff's claim that defendant threatened to burn her property or that defendant was improperly prevented from presenting deeds showing that she owned the land, as these relate to the original order. Similarly, the court considered and rejected defendant's claim that plaintiff was the aggressor in its original order. O'Donnell, 2024 WL 2854705, at *2.

Defendant's other arguments lack merit. To the extent that the anti-stalking order restricts defendant's use of a portion of her own property, this is not a basis for reversal. The law is clear that if a plaintiff establishes a basis for an initial order against stalking, then "a stalking order may prohibit otherwise legitimate conduct if necessary to protect" the plaintiff, including "restricting the defendant's ability to contact the plaintiff or come within fixed distance of the plaintiff." Swett v. Gates, 2023 VT 26, ¶ 28, 218 Vt. 76 (quotations and alteration omitted) (affirming no-stalking order that limited defendant's use of his vacant lot, which adjoined plaintiff's property).

Defendant argues that plaintiff failed to provide credible evidence of stalking or trespassing by defendant. However, "the court does not need to find additional acts of stalking to extend the order." Id. The court appeared to have taken judicial notice of the fact that defendant had been charged with violating the order, which it was permitted to do. See Doe v. Camacho,

2

2024 VT 72, ¶ 2 n.1 ("A court may take judicial notice of the docket entries in a separate, related case."); V.R.E. 201(b) (providing that judicial notice may be taken of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").  While the court could have explained its decision more clearly, it evidently concluded based on the existence of the criminal proceeding and the findings in the original order that an extension of that order was necessary to protect plaintiff while the civil litigation played out.  Viewing the record as a whole, we cannot say that this was an abuse of discretion.

Defendant does not identify what evidence she was prevented from presenting at the extension hearing or how it would have affected the outcome.  Nor does the statute require the trial court to consider alternatives to an anti-stalking order if it finds an extension is warranted.  Defendant has not shown that the court abused its discretion in denying her motion for reconsideration, which was primarily focused on challenging the original protective order.  Resolution of the property dispute is outside the scope of this appeal.  Accordingly, we see no reason to disturb the order below.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

3