Filed 05/22/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-02711

**Chittenden Resorts, LLC dba Mountain Top Inn & Resorts et al v. John Gerlach et al**

## ENTRY REGARDING MOTION

Title:         Motion to Enforce Injunction and For Sanctions (Motion: 7)
Filer:         Christopher D. Roy
Filed Date:    February 06, 2025

This is a declaratory judgment action brought by Chittenden Resorts, LLC against Debra and John Gerlach. The court issued a preliminary injunction on October 25, 2025. On February 6, 2025, the Plaintiff moved to enforce the injunction and for sanctions. The Defendants filed a response on February 20, 2025 and the Plaintiff filed a reply on March 6, 2025. The court held a hearing on the motion on May 8, 2025. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

### Findings of Fact

The court makes the following findings of fact by a preponderance of the evidence. This case was filed on July 12, 2024. The Plaintiff moved for a temporary restraining order and a preliminary injunction. The court denied the request for a temporary restraining order and set the matter for hearing on the request for a preliminary injunction.

The court issued a preliminary injunction on October 25, 2024, which stated:

1. Defendants are hereby enjoined from taking any steps to discontinue the Interfield Trail, the Deer Run Trail, or any other existing trail segments located on their property.
2. Defendants are hereby enjoined from taking any steps to prevent all guests and invitees of Mountain Top from making full use of the existing trails, including the Interfield Trial and the Deer Run Trail, in accordance with the resort's deeded easement rights.
3. Defendants are hereby enjoined from taking steps to interfere with Plaintiffs' efforts to reasonably maintain the existing trails on Defendants' land.
4. Defendants are hereby enjoined from taking any steps to interfere with Plaintiffs' efforts to post signage and other appropriate steps designed to reasonably protect the safety of trail users.
5. This injunction is preliminary and shall remain in effect until further order of the court.

Oct. 25, 2025 Injunction, p. 10. The court incorporates the findings of fact made in conjunction with the issuance of the injunction for the purposes of this motion.

During this past winter, Plaintiff maintained and operated a set of cross-country ski trails, including trails on the Gerlach property. Plaintiff does not open a trail to cross-country skiing for the season unless the trail is free of hazards and can be properly groomed. Plaintiff maintains a large scale map of their trails at their activity center. Plaintiff indicates on this map which trails are open and which trails are closed. In addition, Plaintiff posts online the condition of the trails and whether they are open or closed. When a trail is closed, Plaintiff places a rope across the trailhead with an orange sign indicating it is closed. This is a common method in the cross-country ski industry to indicate a trail is closed, which the Plaintiff has used for the prior 20 years.

Plaintiff opened its cross-country ski season on December 24, 2024. Plaintiff opened the Interfield trail, but kept closed the Sunset trail. Plaintiff placed a rope across the trailhead indicating the Sunset trail was closed. John Gerlach lives in Belleair, Florida. During Christmas he visited his property in Chittenden, Vermont. While there he took down the rope Plaintiff had placed across the Sunset trailhead indicating the trail was closed. In addition, Mr. Gerlach operated a snowmobile across the trails on his property. Plaintiff does not allow guests or invitees to operate snowmobiles on the trails located on the Gerlach property, but does allow snowmobile operation on other trails. Mr. Gerlach is aware Plaintiff uses ropes to mark trails closed as he almost ran into one such rope a few years prior. Mr. Gerlach has requested the Plaintiff use signs instead of rope to indicate whether a trail is open or closed. The Plaintiff has refused this request.

In March of 2025, Jake Gerlach, Mr. Gerlach's son, visited the Gerlach property. During that time, Jake Gerlach repeated took down one of the ropes Plaintiff was using to indicate a trail was closed. In addition, Jake Gerlach operated a snowmobile on the trails on the Gerlach property.

When Plaintiff hangs a rope across a trailhead to indicate a trail is closed, there is the ability to navigate past the rope on a snowmobile.

Analysis

The court has the power to hold a party in contempt, and to impose appropriate sanctions, "to secure both 'the proper transaction and dispatch of business [and] the respect and obedience due to the court and necessary for the administration of justice." *State v. Allen,* 145 Vt. 593, 600 (1985) (quoting *In re Cooper,* 32 Vt. 253, 258 (1859)); see also 12 V.S.A. § 122 (empowering trial courts to hold parties that violate a court order in contempt). The purpose of contempt sanctions is to "provide courts with a means of coercing a party's compliance with orders where that party has refused to comply." *Town of Pawlet v. Banyai,* 2024 VT 13, ¶ 6. Because the purpose of civil sanctions is coercion, they cannot be punitive. *Id.* As such, coercive sanctions "must be purgeable, i.e., they must be capable of being avoided by defendants through adherence to the court's order." *Sheehan v. Ryea,* 171 Vt. 511, 512 (2000) (quotations and citations omitted).

Although civil contempt sanctions are not used to punish the offending party, the "court may impose fines in the appropriate case to compensate the victim." *Kneebinding, Inc. v. Howell,* 2018 VT 101, ¶¶ 73–74. Such prospective fines may only be levied in "extreme and extraordinary circumstances." *Id.* at ¶ 74, (quotation and citations omitted). The Plaintiff bears the burden of proving contempt by clear and convincing evidence. *Id.* at ¶ 68.

Plaintiff asks the court to 1) hold the Defendants in contempt; 2) direct the Defendants cease and desist violating the injunction; and 3) attorneys' fees. Plaintiff argues Defendants violated the injunction by removing the closed trail rope and operating snowmobiles on the trails. The Vermont Supreme Court has noted "as a general rule before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties imposed on him. The order must be specific and definite so that it leaves no reasonable basis for doubt as to its meaning." *State v. Pownal Tanning Co.,* 142 Vt. 601, 605 (1983). Plaintiff argues Defendants' actions violate conditions 3 and 4 of the injunction. The court disagrees the Defendants violated condition 3, but agrees John Gerlach violated condition 4.

Condition 3 states, "Defendants are hereby enjoined from taking steps to interfere with Plaintiffs' efforts to reasonably maintain the existing trails on Defendants' land." Plaintiff argues the Gerlachs' use of snowmobiles interferes with their ability to maintain the trails. The court disagrees. The Plaintiff requested the court include in the preliminary injunction a condition preventing the Gerlachs from operating motorized vehicles on the trails. The court specifically declined to include that request in the preliminary injunction. The wording of condition 3 did not definitively inform the Defendants that operation of motorized vehicles on the trails would interfere with Plaintiff's efforts to reasonable maintain the existing trails. The court declines to infer such an obligation from the plain language of the condition. Furthermore, Plaintiff's argument that the use of snowmobiles on a trail interferes with their ability to maintain the trails is contradicted by the fact Plaintiff has mixed use trails that allow both cross-country skiing and snowmobiling. Plaintiff has not proven by clear and convincing evidence a violation of condition 3.

Condition 4 states, "4. Defendants are hereby enjoined from taking any steps to interfere with Plaintiffs' efforts to post signage and other appropriate steps designed to reasonably protect the safety of trail users." Plaintiff posted signage via the use of a rope across the Sunset trailhead. Mr. Gerlach admitted he removed it. Mr. Gerlach was aware of the purpose of the rope and had asked Plaintiff to use alternative signage. Plaintiff declined to do so and Mr. Gerlach has not identified any authority he has to impose his preference for signage over the Plaintiff's preference for signage. Although Defendants point to available alternative signage as shown in Exhibit M, that exhibit also has signage available that has "[h]oles on top to hang from rope." Ex. M. Plaintiff has proven by clear and convincing evidence that Mr. Gerlach violated condition 4 of the injunction. The court therefore holds John Gerlach in contempt for violating the preliminary injunction.

Plaintiff argues the actions of Jake Gerlach also violate condition 4. Plaintiff has not met their burden to prove the Defendants were in violation of the injunction. The injunction applies solely to the Defendants. There was no evidence either Debra Gerlach or John Gerlach directed their son to remove the rope in March of 2025. As such, the Plaintiff has failed to prove by clear and convincing evidence Jake Gerlach's actions were a violation of the injunction. Equally, there is no evidence Debra Gerlach violated the injunction. The court declines to hold Debra Gerlach in contempt.

Plaintiff seeks attorneys' fees as a sanction upon a finding of contempt. Plaintiff does not seek any coercive sanctions. "Attorneys' fees are ordinarily awarded in contempt actions as part of the compensation due complainants for defendants' actions, which have put the complainants in the position of having to seek the assistance of the courts to enforce a judgment." *Vermont Women's*

*Health Ctr. v. Operation Rescue,* 159 Vt. 141, 150 (1992). The court therefore awards Plaintiff attorneys' fees in connection with this motion as a sanction.

Plaintiff likewise seeks an order directing Defendants to cease and desist violating the injunction. Courts have the inherent authority to enforce their own orders. *Aither v. Estate of Aither,* 2006 VT 111, ¶ 11. Given Mr. Gerlach's violation of the injunction it is hereby ordered that the Defendants not remove any rope used by the Plaintiff to close off any trail and Defendants shall reasonably ensure their guests and invitees do not violate the terms of the preliminary injunction.

<u>Conclusion</u>

For the foregoing reasons, John Gerlach is held in contempt. Plaintiff is awarded reasonable attorneys' fee in connection with this motion. Plaintiff to submit their request amount with a supporting affidavit no later than June 6, 2025. Defendant to file any objection to the reasonableness of the requested fees no later than June 20, 2025. Defendants are ordered to not remove any signage rope used by the Plaintiff and Defendants shall reasonably ensure their guests and invitees do not violate the terms of the preliminary injunction.

Electronically signed on May 22, 2025 pursuant to V.R.E.F. 9(d)

*Alexander N. Burke*
_____
Alexander N. Burke
Superior Court Judge