VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 24-ENV-00031

| | |
|---|---|
| Town of Plainfield,<br>             Plaintiff,<br><br>        v.<br><br>Devin Lynch, Ashley Lynch, and Seth Parry,<br>             Respondents. | Decision on Contempt |

This is a zoning enforcement action brought by the Town of Plainfield (Town) against Ashley Lynch, Devin Lynch, and Seth Parry (Respondents) for unpermitted residential use of a recreational vehicle (RV) on the property located at 79 Bean Road in Plainfield, Vermont (the Property).

On February 27, 2025, the Court ordered Respondents to cease any unauthorized use of an RV on the Property within 30 days, and to not engage in further residential use of an RV without first receiving Town approval. Town of Plainfield v. Lynch & Lynch, No. 24-ENV-00031, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Feb. 27, 2025) (McLean, J.) (February Merits Decision). The Court's ruling was not appealed.

Later, on May 8, 2025, the Court found Respondents in contempt of the February Merits Decision and imposed a purgeable contempt sanction of $45 per day. Town of Plainfield v. Lynch & Lynch, No. 24-ENV-00031, slip op. at 4 (Vt. Super. Ct. Envtl. Div. May 8, 2025) (McLean, J.) (May 8 Contempt Decision). The Court set this case for a follow up hearing and explained that Respondents would have the burden of proving that they are no longer in contempt. Notice was sent out for a follow up hearing to occur on June 16, 2025 at 9:00 AM.

On June 16, 2025 at 9:00 AM, the Court convened the scheduled follow-up hearing on Respondents' contempt. The Town appeared through its attorney Michael Tarrant, Esq. Respondents did not appear despite receiving notice from the Court.

## Findings of Fact

As explained in the May 8 Contempt Decision, Respondents shall have the burden of proving they are no longer in contempt. See, e.g., Vt. R. Fam. P. Rule 16(d)(1) ("The respondent has the burden of showing that the contempt has been purged."); Vt. R. Prob. P. Rule 72(d) ("Purging Contempt"). Thus, by failing to appear, Respondents have not met their burden of proving that they have purged their contempt. After acknowledging this outcome at the June 16 hearing, the Court gave the Town the opportunity to put on any evidence in support of its requested relief. Based on that evidence, we find as follows:

1. Karen Story, the Town Zoning Administrator has visited the property located at 79 Bean Road (the Property) since the Court's May 8, 2025 Contempt Decision. She has visited the Property at various times, ranging from 3:30 AM to 8:00 PM.

2. The RV, which was the subject of this Court's prior decisions, remains on the Property.

3. A dog is still being kept at the Property and was observed as recently as 6:30 AM on June 16, 2025.

4. The dog is tied to a chain and has lost a lot of weight since the May 8, 2025 hearing. Ms. Story is concerned for its wellbeing.

5. The Town has received no information regarding a new address for Respondent Devin Lynch, who has been residing in the RV.

6. There is mail in the mailbox on the Property.

7. Kim Nolan, a neighboring landowner, has continued to observe the Property since the May 8, 2025 Contempt Decision.

8. Respondent Devin Lynch and his girlfriend have visited the Property on at least one occasion.

9. On another occasion, Respondent Devin Lynch and his father loaded six to eight garbage bags into a truck and rolled some tires away.

10. In addition to the dog, there is also a yellow cat that belongs to Mr. Lynch, which can be found roaming around outside and across neighboring properties.

11. It is unclear whether the RV has been disconnected from utilities. This is because the grass surrounding the RV has become overgrown and unkempt.

12. Three small propane tanks have been relocated to the back of the RV.

13. Bram Towbin, the Plainfield Town Clerk, is familiar with the Property, which has been a source of concern and frustration for the Town for some time.

14. Mr. Towbin has received weekly phone call complaints for the last year and a half regarding the Property.

15. Mr. Towbin has had ongoing conversations with the Town's animal control officer and Town constable regarding the dog residing on the Property.

16. Mr. Towbin has visited the Property to provide food and water for the dog; he is concerned about the dog's welfare.

17. The Town has the capacity to remove the RV and the animals from the Property and provide safe and secure accommodations for both.

18. It may be necessary to relocate other obstacles on the Property, including motor vehicles, to remove the RV without damaging it.

### Discussion

The Court has discretion to craft appropriate contempt sanctions to coerce compliance with its prior orders. Town of Pawlet v. Banyai, 2024 VT 13, ¶ 6. For civil contempt, the sanctions must be purgeable, meaning that respondents can avoid such sanctions by adhering to the court's orders. Mayo v. Mayo, 173 Vt. 459, 463 (2001).

In the May 8, 2025 Contempt Decision, the Court imposed a purgeable fine of $45 per day and provided explicit instructions for how Respondents could demonstrate compliance. The June 16 hearing was Respondents' opportunity to prove that they purged themselves of the contempt and avoid any fines and penalties. By failing to appear and demonstrate compliance, the $45 daily penalty becomes final for the period running from May 9, 2025 through June 16, 2025 (a total of 38 days). Thus, Respondents are liable for $1,710 in penalties, which shall be paid to the Town.[1]

The Court is not convinced that additional monetary penalties will be successful in achieving compliance. See Spabile v. Hunt, 134 Vt. 332, 334 (1976) (explaining that a court should "take into account all factors relating to the particular nature of contemnor's disobedience in determining what action on the court's behalf is required.") The $45 daily penalty was insufficient to compel Respondents' participation at the June 16 hearing. Thus, a more direct approach is appropriate.

---

[1] Based on the evidence presented by the Town, it appears that Respondent Devin Lynch has made some effort to discontinue using the RV as a residence. Unfortunately, Mr. Lynch did not appear for the hearing to describe his efforts at compliance directly to the Court and, consequently, he failed to meet his burden of proof. Further, the evidence demonstrates that Mr. Lynch continues to make some residential use of the RV — while he is not physically present as frequently (and may not be sleeping there), the RV remains on the Property, Mr. Lynch continues to keep animals on the Property, he receives mail there, and his personal property is present. Thus, the contempt continues.

The Town is hereby authorized to enter the Property, upon 24 hour written notice to Respondents, to remove the RV and any animals residing there. In doing so, the Town may temporarily relocate any vehicles (junk or otherwise), trash, or debris, which interfere with the removal of the RV and animals. Additionally, the Town shall use all reasonable care to avoid damage to Respondents' property, real and/or personal. The Town shall store the RV in a secure location, and may charge a reasonable daily fee for such storage, until such time as is necessary for Respondents to pay all outstanding fees, fines and penalties. If any personal property of Mr. Lynch remains in the RV after it is impounded, he should be permitted to retrieve it at a reasonable time and in a reasonable manner. The Town shall also provide safe and secure accommodations for any impounded animals until Respondents pay all outstanding fees, fines and penalties associated with their impoundment, or the Town commences appropriate proceedings under its Animal Control Ordinance to otherwise address the status of the animals, whichever occurs first. [2]

Lastly, the Town shall file its updated legal fees and costs, supported by affidavit, once the RV and animals have been removed, as well as any known or anticipated costs of storing the RV and caring for the animals. The Court will then consider whether those costs and fees are reasonable in their totality, and whether a payment schedule is appropriate.

Electronically signed on June 17, 2025, pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[2] Notwithstanding this Decision on Contempt, nothing precludes the parties from negotiating a resolution of the issues addressed herein, as well as other issues between them, that differs from the terms outlined above.