VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     25-AP-162



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2025

| | |
|---|---|
| Allison Farley* v. Department of Labor | APPEALED FROM:<br>Employment Security Board<br>CASE NO. 10-24-082-01 |

In the above-entitled cause, the Clerk will enter:

Claimant Allison Farley appeals a decision of the Employment Security Board concluding that the Department of Labor properly sent claimant's information to the Department of Taxes for a tax offset for claimant's overpaid unemployment benefits. Claimant argues that she should not be required to repay benefits that she received because she asserts that she was entitled to them. We affirm.

The Board adopted the following findings of the administrative law judge (ALJ). On May 27, 2022, a claims adjudicator determined that claimant had voluntarily separated from her employment and was not entitled to unemployment compensation she received. The adjudicator determined that claimant was required to repay overpaid benefits of $9339 and was liable for a penalty for misrepresenting a material fact when filing a claim. The notice indicated that the determination would become final unless an appeal was filed within thirty days. Claimant appealed on July 8, 2022, and an ALJ dismissed the appeal because it was submitted beyond the thirty-day appeal period provided by 21 V.S.A. § 1348(a)(2). Claimant appealed, and the Board affirmed. Claimant then appealed to this Court, and we also affirmed, holding that claimant's appeal was properly dismissed as untimely filed. Farley v. Dep't of Lab., No. 23-AP-175, 2023 WL 8698001, at *1 (Vt. Dec. 15, 2023) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo23-175.pdf.

In October 2024, the Department of Labor sent claimant a notice that she had a debt of $10,580 for unemployment overpayment and if the amount was not paid in full, her name would be submitted to the Department of Taxes for an offset of claimant's tax refund. Under 32 V.S.A. § 5933, a state agency may request that the Department of Taxes offset any refund owed to a debtor against the amount the person owes to the agency. Claimant appealed to an ALJ, which found the collection proper, and then the Board. Because the Board found that there was no error in the determination of claimant's debt, it sustained the ALJ's decision. The Board concluded that the underlying issue concerning the reasons for claimant's disqualification from benefits had been litigated, was final, and was not subject to review. Claimant then filed this appeal.

This Court's review of the Board's decisions "is highly deferential." 863 To Go, Inc. v. Dep't of Lab., 2014 VT 61, ¶ 8, 196 Vt. 551.

Claimant argues that she left her employment involuntarily and therefore properly received unemployment benefits and is not liable for repaying the debt. Claimant's arguments regarding the merits of the underlying unemployment case are not before us in this appeal because the manner of her separation has already been resolved by a final judgment. A final judgment is one that "conclusively determines the rights of the parties, leaving nothing for the court to do but execute it." Town of Pawlet v. Banyai, 2024 VT 13, ¶ 8, 219 Vt. 90 (quotation and alterations omitted). Once a judgment is final, it cannot be collaterally attacked. Id. Here, claimant had the opportunity to contest whether she voluntarily left her prior employment or was terminated and therefore entitled to unemployment compensation. She did not appeal the claims adjudicator's determination in a timely manner and that matter concluded with this Court's decision in 2023. Claimant's attempt to relitigate that now-final decision is barred. Id. ¶ 11.

Claimant does not challenge the information or accuracy of the debt collection. Therefore, there are no grounds to reverse the Department of Labor's action to collect on the debt.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice